# Staunton

## Ralph J. Edwards and Huguette Edwards v. Thomas B. Hobson, et als.

September 7, 1949.

Record No. 3505.

Present, All the Justices.

The opinion states the case.

*Lytton H. Gibson* and *Denis R. Ayres*, for the plaintiffs in error.

*Clarke, Richard, Backus & Moncure*, for the defendants in error.

MILLER, J., delivered the opinion of the court.

Ralph J. Edwards and Huguette Edwards, plaintiffs in the lower court, seek reversal of a judgment in favor of

Thomas B. Hobson, H. A. Slayton and others, defendants. The parties will be referred to in accordance with their positions in the lower court.

The action is for damages incurred by plaintiffs when their clothing and other personal property were destroyed by fire, which, they allege, was due to defendants' negligence.

Did the court err in sustaining defendants' motion to strike plaintiffs' evidence is the sole question presented.

■ If it plainly appears that the court would have been compelled to set aside the verdict due to insufficiency of the evidence to support a finding in favor of plaintiffs then no error has been committed. *Catron* v. *Birchfield*, 159 Va. 60, 165 S. E. 499, and *Green* v. *Smith*, 153 Va. 675, 151 S. E. 282.

The testimony, which is in narrative form, and the exhibits, when viewed most favorably to plaintiffs, establish the following facts:

Defendant conducted the "Haddon Hall Tourist Home" in Fairfax county. Plaintiffs had rented and occupied a room at this tourist home for almost a month before the fire. The room was used for both living and kitchen quarters. In addition to necessary furniture, it was equipped with a gas cooking stove. Light by electricity was made available from a globe screwed into a socket in the center of the ceiling. That was cut on and off by means of a hand switch on the wall adjacent to the door.

About ten days prior to the fire some defect or imperfection developed in the wiring or hand switch and the ceiling light could not be cut on or off by the switch. This condition was reported to H. A. Slayton, one of the owners and operators of the home. He did not repair the defect, nor did he apparently ascertain what the trouble was, but merely added a drop cord to the ceiling socket to which cord was attached the usual socket and light bulb. The hand switch on the wall remained ineffectual to cut the light on or off.

Testimony establishes that defendants personally under-

took to service and keep in repair other utilities in the tourist home. On the 21st of March, 1948, a few hours before the fire, the defendant, H. A. Slayton, requested that plaintiffs turn off the gas cooking stove so he "might make some repairs to the gas system in other parts of the building." That was done and the gas turned on again in time for plaintiffs to cook their midday meal. Shortly after having cooked their meal, plaintiffs ascertained that all burners and jets on the stove were turned off and left the premises about one o'clock p. m. and did not return until four hours later.

Upon their arrival at 5:00 o'clock p. m., they found that their room and its contents had been badly damaged by fire, smoke and water. The testimony and exhibits, the latter consisting of photographs of the room and premises taken the next day, disclose that the conflagration within the room was of considerable magnitude and intensity. The door, walls, ceiling and contents were badly burned before the fire could be extinguished. In discussing the general condition, one of the plaintiffs said that "practically the entire room had been burned or scorched by the fire * * * ." The gas stove was so badly burned that all of its jets were "frozen" in an off position and one crumbled when an attempt was made to turn it. The wall and area of the room behind and near the stove were severely burned and charred.

Evidence further discloses that at one place in the ceiling where a hole had been burned, there hung three BX cables, the ends of which were bare of insulation. The photographs were taken the next morning and after these exposed ends had been taped. One exhibit shows that where the hole was burned, which was closer to the stove than to the ceiling electric socket, the boards and a sill in the ceiling had been chopped away during the effort to extinguish the fire. The evidence does not reveal whether the wires were uninsulated and exposed before the fire started, as contended by plaintiffs, or whether the insulation was burned off or cut away and destroyed in the attempt to extinguish the fire. Whether the lack of insulation existed prior to the fire or

destruction of the insulation took place in an attempt to conquer the flames is left wholly to conjecture and surmise.

Plaintiffs assert that as the defendants undertook to remedy the trouble with the electric light and service the gas system, it is thereby proved that they had personally assumed and undertaken the maintenance and service of the utilities in their tourist home. We consider the evidence sufficient to sustain that contention.

With that fact established, they say that the evidence and just inferences therefrom are sufficient to prove that the fire was caused by electricity from the exposed ends of the cables because of the burned hole in the ceiling. The doctrine of *res ipsa loquitur* is then invoked and relied upon to impose liability upon defendants.

The rather recent case of *Plunkett* v. *United Elec. Service*, 214 La. 145, 36 So. (2d) 704, 3 A. L. R. (2d) 1437, is cited as authority for application of the doctrine to the facts of this case.

Whether or not the doctrine is applicable need not be decided for, in our opinion, plaintiffs have failed to prove that the fire was caused from the exposed cables or from any other defect in the electric system.

Neither the presumption of negligence, which arises under the doctrine of *res ipsa loquitur*, nor actual proof of negligence as a fact, can create a right of action unless that negligence, whether presumptively or factually established, constitutes the proximate cause of the mishap and injury complained of.

Here the evidence fails to prove that (1) the defective condition of the wiring or hand switch had anything to do with the fire, (2) that it was caused by the exposed cables, or (3) in what part of the room or from what source the ignition took place. Its origin may have been due to some imperfection in the electric or gas systems or from any of the other innumerable causes of fire. The evidence leaves the source and origin of the fire wholly within the realm of surmise and speculation. When such is the status of proof, there can be no recovery. *Chesapeake, etc., R.*

*Co.* v. *Catlett*, 122 Va. 232, 94 S. E. 934, and *Kenny Co.* v. *Dennis*, 167 Va. 417, 189 S. E. 164.

The inadequacy of proof of this nature and character to establish liability is pointed out and discussed in Moore on Facts, Vol. 1, secs. 33 and 34, pp. 61-63. It is there said:

" 'Suspicion cannot give probative force to testimony which in itself is insufficient to establish or to justify an inference of a particular fact.' 'The sea of suspicion has no shore and the court that embarks upon it is without rudder or compass.' " (At page 61.)

"Evidence which only gives rise to suspicion or conjecture acquires no additional weight from the neglect of the party affected by it to take the witness stand and give an explanation." (At p. 63.)

In *Kenny Co.* v. *Dennis, supra,* at page 420, is found this appropriate and pertinent language:

" * * * Where the evidence shows that any one of several things may have caused the injury, for some of which defendant is responsible, and for some of which defendant is not responsible, and leaves it uncertain as to what was the real cause, then plaintiff has failed to establish his case."

Recognition of the insufficiency of this amount of proof is stated thus by Mr. Justice Eggleston in the recent case of *Richter* v. *Seawell*, 183 Va. 379, 383, 32 S. E. (2d) 62:

"But in order for the plaintiff to prevail, the circumstantial evidence relied on must show something more than that the injuries complained of may have resulted from one of two causes, for one of which the defendant is responsible and for the other of which he is not. *Pearcey* v. *St. Paul Fire, etc., Ins. Co.,* 163 Va. 928, 931, 932, 177 S. E. 843."

We conclude that the evidence was inadequate to sustain a finding in favor of the plaintiffs. The trial court committed no error in granting the motion to strike their evidence. Its judgment is affirmed.

*Affirmed.*