# Richmond

JOHN G. HAILEY v. WILLIE EMMETT JOHNSON.

April 25, 1960.

Record No. 5063.

Present, All the Justices.

The opinion states the case.

*W. W. Whitlock,* for the plaintiff in error.

*J. M. H. Willis, Jr.* (*Willis & Garnett,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

■ Hailey, a guest in Johnson's car, sued his host for personal injuries received in an accident. The trial resulted in a jury verdict

of $5,000 in favor of the plaintiff which, on motion of the defendant and over the objection of the plaintiff, the court set aside and entered judgment for the defendant. We granted Hailey a writ of error.

The assignments of error relied on are:

1. The court erred in sustaining defendant's motion to set aside the verdict of the jury and in entering judgment for the defendant.

2. The court erred in refusing to grant the plaintiff a new trial after having set aside the verdict.

The crucial question is whether the evidence was sufficient to prove gross negligence.

In view of the jury's verdict in favor of the plaintiff the evidence will be stated in the light most favorable to him. *Mauser v. Hebb*, 187 Va. 876, 879, 48 S. E. 2d 257, 259.

The record discloses that Hailey and Johnson were riding in an automobile owned and operated by Johnson. Hailey was a guest passenger, having been picked up by Johnson at or near Hailey's home, for the purpose of going some 5 or 6 miles to the home of Ashton Dickinson to "hear some dogs run."

Johnson was called by plaintiff as an adverse witness. He stated that the accident occurred August 3, 1957, about 8:30 p.m., on a road which was more or less familiar to him, he having travelled it on several occasions. He said as they approached a curve in the road he was driving "around about 40" miles per hour, and about 20 feet ahead of him some dogs darted into the road in front of the car; that in an effort to miss the dogs he turned the car to the right on to the gravel shoulder of the road where the car went out of control and ran first into a stump, then hit a tree, causing the injuries complained of.

Plaintiff Hailey, testifying in his own behalf, stated that he got with Johnson around 7:00 p.m., and Johnson invited him to go and "hear them dogs". He was asked by his attorney:

"Q. How was he driving over there?

"A. He was driving pretty fast. I told him to slow down a time or two, and not to drive too fast around the curves.

"Q. What did he do?

"A. He did slow down.

"Q. Did he stay slowed down?

"A. No. He would speed up a bit; then I would tell him to slow down again."

His attorney then asked: "What happened that caused the ac-

cident? Could you tell us?", and he answered "The only thing I could see that caused it was a little too fast going around the curve."

Hailey stated that he did not see the dogs dart into the road, explaining "I was lighting a cigarette" at the time and his head was down under the dashboard; that while he did not drive a car he estimated the speed to be 50 or 55 miles per hour.

State Trooper Bishop, called as a witness for the plaintiff, referred to a pencil sketch of the road. He stated: "It appeared from the evidence at the scene that Willie Johnson did not have the car in proper control when he went across here. The car was apparently out of control. Right here there was a stump, then he ricocheted into the tree, and it knocked him back across here;" that "the car appeared to just suddenly go off the road here;" that "there was considerable damage done to the car," and "I couldn't see any damage to the tree."

The trooper was asked "What would you judge a safe speed at that scene might be, knowing the possibilities of what might be on the road?". He answered "I think you can go around that curve at 40 or 45 miles per hour anytime from my own experience." He was then asked "From your investigation, can you say whether or not this car was travelling at a speed safe enough for this road in its condition?", to which he answered "The only statement I can make is from this point here, the car was not under proper control. For what reason it wasn't under proper control I can't say; but, he left the road, and he wrecked the car here. From this point, it definitely was not under control." He further stated, "I wouldn't say it was a real sharp curve," and that loose gravel composed the shoulder of the road.

Othere witnesses who did not see the accident testified as to the damage to the car, etc. After the evidence was in, the jury viewed the scene.

One of the basic principles of the law of negligence is the rule that the happening of an accident is not in itself proof of negligence. It is incumbent upon the party complaining to establish by a preponderance of the evidence that the accident occurred as the proximate result of an act for which the party charged can be held accountable. *Richter* v. *Seawell,* 183 Va. 379, 382, 32 S. E. 2d 62, 63.

The law in Virginia is that a guest passenger in an automobile, to hold the host liable for damages arising out of an accident, must prove that the host was guilty of gross negligence which proximately

caused the accident complained of and the resultant damages. Code, § 8-646.1. Thus it is incumbent upon the plaintiff to prove by a preponderance of the evidence how and why the accident occurred and that the reason therefor was an act of gross negligence on the part of the host.

In the instant case there were alternative reasons offered as to why the accident occurred. The first was offered by the defendant Johnson, called by Hailey as an adverse witness. He stated that he rounded the curve at a reasonable speed (40-45 miles per hour), at which speed he could have safely negotiated the curve, but that the dogs ran across the road in front of his automobile. Thus confronted with an emergency, he cut his car to the right in an effort to avoid hitting the dogs. During this maneuver his automobile left the hard surface, skidded on the gravel shoulder, went out of control, striking the stump and tree.

The plaintiff offered no evidence to refute the defendant's statement except the negative testimony that he did not see the dogs, explaining that he had bent down to light a cigarette.

A litigant is bound by the uncontradicted evidence of his opponent when not inherently improbable and counter to no reasonable inference. *Virginia Electric & Power Co. v. Lenz*, 158 Va. 732, 737, 164 S. E. 572. This is especially true where the evidence is elicited by the plaintiff from the defendant when called as an adverse witness.

The act of Johnson in swerving to avoid the dogs was not an extraordinary maneuver on his part but a reasonable act, instinctive to any competent driver.

The second reason as to why the accident occurred was offered by Hailey when, in response to a question by his attorney, he stated, "The only thing I could see that caused it was a little too fast going around the curve."

Hailey's reply to his counsel's question as to why the accident happened shows that he offered "a little too fast" as a full explanation. "A little too fast" is not gross negligence. A "little" misfeasance can hardly comprise a "gross" offense. Gross negligence is wanton or reckless conduct; it is "an utter disregard of prudence." "A little too fast" might on occasion constitute slight negligence or simple negligence but ordinarily it cannot constitute gross negligence. *Young v. Dyer*, (1933), 161 Va. 434, 170 S. E. 737; *Sibley v. Slayton* (1952), 193 Va. 470, 69 S. E. 2d 466.

Viewing the evidence in the light most favorable to the plaintiff,

the court properly set the verdict aside and entered judgment for the defendant.

There is no merit in the second assignment of error dealing with the court's refusal to grant the plaintiff a new trial. Nowhere in the record does any proper ground for the granting of a new trial appear nor does it appear that the ends of justice would be served thereby. The evidence was fully presented in the instant trial. Code, § 8-352.

For the reasons stated the judgment is

*Affirmed.*