# Richmond

BANKS WILKINS, WILKINS SUPPLY COMPANY, INCORPORATED, ET AL.
v. RICHARD M. SIBLEY.

April 27, 1964.

Record No. 5777.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Frank M. Slayton* and *Robert T. Vaughan* (*Easley, Vaughan & Slayton*, on brief), for the plaintiffs in error.

*Don P. Bagwell* (*Tuck, Bagwell, Dillard & Mapp*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Richard M. Sibley, hereinafter called the plaintiff, filed a motion for judgment in the court below against Banks Wilkins, Wilkins Supply Company, Incorporated, and others, hereinafter called the defendants, to recover damages for personal injuries suffered by the plaintiff when a truck which he was driving on a public highway,

during the nighttime, collided with a mule owned by the defendants. The motion alleged that the defendants, acting by and through their servants, agents and employees, had negligently permitted certain mules owned by them to run at large along the public highway and that the truck driven by the plaintiff had collided with one of these, thereby causing the accident and his injuries. In their responsive pleadings the defendants denied the allegation of negligence attributed to them and alleged that the plaintiff was guilty of contributory negligence which caused or contributed to his injuries. There was a trial before a jury which resulted in a verdict and judgment of $15,000 in favor of the plaintiff against the defendants. We awarded the defendants a writ of error.

The gist of the defendants' assignments of error is that the verdict and judgment are contrary to the law and the evidence in that (1) the evidence fails to show that the defendants were guilty of negligence which was a proximate cause of the plaintiff's injuries, and (2) the plaintiff himself was guilty of contributory negligence as a matter of law.

The evidence shows that at the time of the accident, which occurred on July 27, 1961, the defendants owned two mules used by them in operating a farm in Halifax county. The animals were under the care and custody of two sharecroppers, Belvin Smith and Levi Jones, who worked for the defendants. These two mules, along with another owned by Smith, were kept at night in a pasture owned by the defendants near U. S. Highway 58. The pasture was enclosed by a woven wire fence with strands of barbed wire on the top and at the bottom.

Entrance to and exit from the pasture was through a wire gate, which is referred to in the record and briefs as a "gap." This consisted of a panel of the fence attached to four small wooden posts. When the gate was open the panel and supporting posts lay on the ground. The gap was closed by fastening the end post to an adjacent post of the fence. For this purpose a loop of plain wire attached to the post of the fence was hung over the top of the end post of the gap. The bottom of the end post of the gap was put through a similar loop. Between these two loops were three strands of barbed wire attached to the main fence post which were usually wrapped around the end gap post, thereby fastening the gap more securely.

On the evening of the accident, about 7:00 P. M., Jones, one of

the sharecroppers, after completing his day's work, turned the two mules owned by the defendants into the pasture. He had been told by Smith, the other sharecropper, that in closing the gap he should secure the end post by attaching it to the fence post with the three strands of barbed wire as well as by using the top and bottom wire loops. Jones admitted that on this occasion, while he used the two loops to secure the end post of the gap, he failed further to secure the fastening by using the strands of barbed wire, as he had been told to do.

About 8:45 P. M., while the plaintiff was driving his truck along a secondary highway, about a mile from the pasture, two mules came onto the road from his left and ran across a few feet ahead of him. Almost immediately thereafter a third mule, owned by the defendants and following the other two, collided with the left side of the truck, causing it to overturn and injure the plaintiff.

The plaintiff testified that as he approached the scene he was traveling at from 35 to 40 miles per hour, with his headlights on. Because of the dark color of the mules and the fact that they were obscured by the shadows of the trees and bushes along the road, he failed to see any of the animals until he was only a few feet from them. Indeed, he said, he did not see the mule with which his truck collided until "about the same time I hit him."

After the accident it was discovered that the pasture gap was open and that the mules had thereby escaped. There is no evidence as to when or how the gap was opened or when the mules escaped. According to the undisputed evidence none of these animals had previously escaped from the pasture.

In *Rice v. Turner*, 191 Va. 601, 605, 62 S. E. 2d 24, 26, we held that under present day conditions the owner of domestic animals must exercise ordinary care to keep them off of public highways. See also, 4 Am. Jur. 2d, Animals, § 114, pp. 365, 366; 3 C. J. S., Animals, § 149-a, p. 1252 *ff.* That the defendants here failed to discharge their duty in this respect, and that such failure was a proximate cause of his injuries, is the gist of the plaintiff's case.

In his brief the plaintiff admits that "the fence was properly built and the gap itself was a safe and satisfactory one provided it was properly secured." But his position in the lower court was, and on this appeal is, that Jones, the servant and employee of the defendants, negligently failed to close the gap and that as a proximate result of such negligence the mules escaped from the pasture, went onto the

highway, and caused the accident resulting in the plaintiff's injuries.

In their verdict the jury stated that they found from the evidence that "Jones was negligent in the manner in which he fastened the gate in question on the night of July 27, 1961, and that the escaping of the mules and the accident *was* proximately caused by said negligence."

We have no difficulty in concluding that there was sufficient evidence to sustain the finding that Jones was negligent in the manner in which he fastened the gate or gap. There was evidence on behalf of the plaintiff that the gap post should have been secured to the adjacent fence post by the use of the strands of barbed wire in the manner in which Jones had been instructed. Jones admitted that he failed to secure the gap in this manner. There is also evidence that a nail should have been put at the top of the gap post to prevent the loop from slipping off of it.

But it is elementary that negligence will not sustain a recovery unless it is a proximate cause of the injury complained of. The burden is on the plaintiff to prove both negligence and causal connection. 13 Mich. Jur., Negligence, § 21, p. 529; *Id.*, § 53, p. 572 *ff.* As was said in *Hawkins* v. *Beecham, Adm'x,* 168 Va. 553, 561, 191 S. E. 640, 643:

"Negligence and an accident, however, do not make a case. As between them there must be causal connection. 'The evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out.' *Virginian Railway Company* v. *Haley,* 156 Va. 350, 157 S. E. 776, 786; *Gunter's Adm'r* v. *Southern Ry Co.,* 126 Va. 565, 101 S. E. 885.

" 'Peradventure' is not enough. *Washington, etc., Ry.* v. *Thompson,* 136 Va. 597, 118 S. E. 76. 'Perhaps' is not enough. *Virginia Electric & Power Co.* v. *Vellines,* 162 Va. 671, 175 S. E. 35."

To state the principle another way, "It is incumbent upon the party complaining to establish by a preponderance of the evidence that the accident occurred as the proximate result of an act for which the party charged can be held accountable." *Hailey* v. *Johnson,* 201 Va. 775, 777, 113 S. E. 2d 664, 666.

In the present case proof that Jones was negligent in not fastening the gap securely, as he had been instructed to do, or that the loop was not properly fastened to the end post, is not sufficient to sustain the plaintiff's cause of action. There is no showing that such was a

proximate cause of the accident. There is no showing that the mules escaped because of the manner in which Jones fastened the gap or because of the lack of proper means of securing the fastening. As has been said, the evidence fails to show when or how the gap was opened, or when or how the mules escaped. What we are told is that the animals were placed in the pasture at 7:00 P. M., and that nearly two hours later they were wandering along the public highway. There is no evidence as to what occurred at the pasture between these times.

The plaintiff theorizes that the gap was opened by one of the mules which probably put his head between the end post of the gap and the adjacent fence post and pushed the loop from the top of the post, thereby permitting the gap to fall to the ground. But there is no evidence to sustain this theory. The closest approach to the required evidence is the testimony of a witness that "it was possible" for one of the animals to have done so. Proof of "possibility" of causal connection is not sufficient. *Hawkins* v. *Beecham, Adm'x, supra*. Moreover, although the mules had been kept in this pasture for several months, there is no evidence that they, or any of them, had previously escaped in this manner, or had endeavored to do so. Thus, the conclusion of the jury that the mules escaped from the pasture because of the insecure manner in which the gap had been fastened is based not on evidence, but on conjecture or speculation.

The plaintiff argues that there is no evidence that the gap was opened by a trespasser or in any other manner than by the mules. The ready answer is that the burden was not on the defendants to show that the gap was opened by an intruder or by means for which they, the defendants, were not responsible. The burden was on the plaintiff and not on the defendants to show how and why the gap was opened and the mules escaped.

Having reached the conclusion that the plaintiff's evidence failed to show that the accident was proximately caused by the negligence of the defendants, or their employee, it is unnecessary that we consider whether the collision was brought about by the contributory negligence of the plaintiff.

The judgment is reversed, the verdict set aside, and final judgment will be here entered for the defendants.

*Reversed and final judgment.*