## CIRCUIT COURT OF BEDFORD COUNTY

T. D. Steele

 v.

F. H. Ludington,
t/a Crow Harris Farm

October 7, 1974

By JUDGE WILLIAM W. SWEENEY

Defendant, by counsel, has moved to set aside a jury verdict in the sum of $2,500.00, in favor of the plaintiff which verdict was rendered in this Court on June 13, 1974. The same jury decided against the defendant on his counterclaim. At the conclusion of all the evidence, both parties made motions to strike the evidence and the Court stated at that time that it was doubtful that either side had proven a case sufficient to go to the jury.

Briefly stated, Steele filed suit against Ludington for the loss of a black angus bull (DorMacs 103) which Steele had furnished Ludington for breeding purposes on February 7, 1968. Subsequently, with Steele's approval, the bull had to be destroyed on July 30, 1968, after it was discovered that it was infected with hemolytic streptococci, a rare disease. The discovery that the bull was infected was made on or about June 6, 1968. Steele claimed that his bull contracted the disease from cattle owned by Ludington and that Ludington was guilty of negligence in breeding the bull to his cattle because he either knew or ought to have known that his cattle were infected with the disease and that the bull might thereafter acquire the disease and have to be destroyed. Ludington denied any negligence in the maintenance of his herd and denied actual or constructive knowledge of any disease among his cattle. Ludington's counterclaim was that Steele's bull had infected his herd.

Ludington's motion to set aside the verdict raises three questions: The sufficiency of the evidence to sustain the verdict; whether Instruction F offered by Ludington should have been given; and whether there was any basis for the amount of the verdict returned by the jury. After a review of the transcript, the briefs of counsel and the law of Virginia relating to the proof of negligence, I find it unnecessary to rule on the last two issues since it is my opinion that the plaintiff, Steele, failed to carry the required burden of proof in proving negligence against the defendant, Ludington, and that such negligence, if any, was a proximate cause of the infection leading to the destruction of the bull. Steele elected to try this case on the basis of negligence and not warranty; therefore, the law of negligence applies. (*See* pages 3, 4, Transcript and page 2 of Steele's brief.)

In considering the evidence, I am aware that it must be viewed in a light most favorable to the plaintiff since the jury has resolved disputed issues of fact. *See Smith* v. *Spradlin*, 204 Va. 509 (1963). Nevertheless, this principle does not relieve the plaintiff from proving that the defendant was guilty of some act or acts of negligence which contributed to the destruction of the bull. This he has not done. Viewed as a whole from the plaintiff's viewpoint, the evidence proves nothing more than the possibility of negligence on the defendant's part. While it is true that negligence may be inferred from the proof of positive facts, this does not entitle a plaintiff to recover on the basis of mere speculation or conjecture. In *Pepsi-Cola* v. *Yeatts*, 207 Va. 534 (1966), the Court said at page 537:

> Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why

and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover. *Weddle, Administratrix* v. *Draper*, 204 Va. 319, 322, 130 S.E. 2d 462, 465, and cases cited. See also *Canupp* v. *Wade*, 205 Va. 850, 854, 140 S.E. 2d 659, 662.

In *Wilkins* v. *Sibley*, 205 Va. 171 (1964), the Court directing itself to the issue of proximate cause said:

But it is elementary that negligence will not sustain a recovery unless it is a proximate cause of the injury complained of. The burden is on the plaintiff to prove both negligence and causal connection. 13 Mich. Jur., Negligence, Sect. 21, p. 529; Id., § 53, p. 572 ff. As was said in *Hawkins* v. *Beecham, Adm'x*, 168 Va. 553, 561, 191 S.E. 640, 643:

"Negligence and an accident, however, do not make a case. As between them there must be causal connection. The evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out." *Virginia Railway Company* v. *Haley*, 156 Va. 350, 157 S.E. 776, 786; *Gunter's Adm'r* v. *Southern Ry. Co.*, 126 Va. 565, 101 S.E. 885.

"Peradventure" is not enough. *Washington etc. Ry.* v. *Thompson*, 136 Va. 597, 118 S.E. 76. "Perhaps" is not enough. *Virginia Electric & Power Co.* v. *Vellines*, 162 Va. 671, 175 S.E. 35.

To state the principle another way, "It is incumbent upon the party complaining to establish by a preponderance of the evidence that the accident occurred as the proximate result of an act for which the party charged can be held accountable." *Hailey* v. *Johnson*, 201 Va. 775, 777, 113 S.E.2d 664, 666.

205 Va. 171 at 174.

Counsel for Steele argues that there was sufficient evidence for the jury to infer that Ludington or his agents knew or should have known that the herd was diseased when they started having breeding problems. It is true that Ludington's farm manager and Dr. George Fleck testified to the effect that Ludington should have known that he had some kind of breeding problem in 1967, when some of his cows did not settle after numerous attempts. But there was no evidence that Ludington failed to do anything about it. He kept a veterinarian on constant call and maintained meticulous records on all his cattle. There was no evidence that Ludington neglected his herd or failed to use ordinary care to protect them from disease; in fact, the undisputed evidence is to the contrary. No expert testified that he should have discovered this disease before he did or that having once detected it he did not take proper steps thereafter. The 1967 breeding problem on Ludington's farm was explained in part in that Ludington had used another of Steele's bulls during this period, such bull being described by Steele as a "shy breeder."

As to the element of time, it was incumbent on Steele to show that Ludington's cattle were infected with the disease before Steele's bull arrived in February, 1968, and further prove that Ludington ought to have known that his cattle were so infected before he exposed Steele's bull to them and further that the bull caught the fatal disease as a proximate result of being so exposed after Ludington ought to have known that his herd was infected. The plaintiff has not proven these matters by a preponderance of the evidence nor has he proven facts from which the jury could reasonably infer them. Inferences may not be based on other inferences. Possibilities of negligence will not suffice. Both parties lost valuable animals but neither could prove negligence on the other beyond speculation. Ludington was not the insurer of the safety of Steele's bull while it was on his farm.

In passing, I do not understand on what basis the jury could have arrived at the sum of the verdict. There was no evidence produced to permit a "depreciation" of the value of the bull. If plaintiff is entitled to a verdict, he should be entitled to the amount sued for.

For reasons stated, I sustain the motion to set aside the jury verdict and I render final judgment for

the defendant, Ludington.