# CIRCUIT COURT OF THE CITY OF WINCHESTER

Harleysville Ins. Co.

v.

Valley Lumber and
Building Materials, Inc.

March 6, 2001

Case No. (Law) 2000-231

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on March 5, 2001, on the Defendant's Demurrer. Mary Lou Daniel, Esquire, appeared for the Plaintiff; and Robert E. Worst, Esquire, appeared for the Defendant. Harleysville is the subrogee of a landowner whose property adjoined Valley Lumber and which was damaged as a result of a fire which started on Valley Lumber's property.

Upon consideration, the Court has decided to sustain the demurrer based on the alleged liability for the acts of trespassers in starting the fire but to overrule the demurrer as to the alleged liability based on violations of the fire and building codes.

## I. *Statement of Material Pleaded Facts*

Harleysville Insurance Company alleges that a fire occurred on Valley Lumber's property on January 15, 1999, and that the fire and the extinguishment efforts damaged property owned by Harleysville's insured, S & S Electric, Inc., which owned an adjoining property. Motion for Judgment (MFJ), ¶¶ 3-6.

Harleysville alleges that Valley Lumber was negligent in failing to secure its buildings and gates and lock its doors (MFJ ¶¶ 9-10); that Valley Lumber was aware of "unknown third parties being present on" its property (MFJ ¶ 11); that these unknown third parties had caused fires on Valley Lumber's property in the past (see, MFJ ¶ 12); and that Valley Lumber "failed to take reasonable precautions to prevent or mitigate the fire risk and/or the damage incurred by the Plaintiff in this incident." MFJ ¶ 16.

Harleysville has not alleged how the fire started.

Harleysville also alleges that Valley Lumber's property "was in violation of applicable fire codes and building codes at the time of the fire," MFJ ¶ 17, and that there were previous fires on the property.

Harleysville has sued Valley Lumber for sums expended in covering the losses of its subrogor, S & S. MFJ ¶ 21.

## II. *Conclusions of Law*

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). "When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *Ward's Equipment, Inc. v. New Holland*, 254 Va. 379, 382, 493 S.E.2d 516 (1997). In all cases except negligence cases, in ruling on a demurrer, "the court is not bound by . . . conclusory [legal] allegations when the issue involves . . . a mixed question of law and fact." *Russo v. White, supra*, at 28. There is an exception for negligence cases, because the Rules of Court specifically provide that "an allegation of negligence . . . is sufficient without specifying the particulars of the negligence. On motion made promptly, a bill of particulars may be ordered to amplify any pleading that does not, in the opinion of the Court, comply with this rule." Supreme Court Rule 3:16(b).

"Upon demurrer, the test of the sufficiency of the motion for judgment is whether it states the essential elements of a cause of action, not whether evidence might be adduced to defeat it." *Lyons v. Grether*, 218 Va. 630, 638, 239 S.E.2d 103 (1977). "To justify the Court in sustaining a demurrer to a complaint, the ground of the demurrer must be a short, dry point of law upon

which it is clear that the complaint will be dismissed . . . at the hearing." 16 M.J., *Demurrer*, § 48.

Drawing all inferences in favor of the motion for judgment, it sets forth two negligence rights of action. The first is that the Defendant is liable for the fire started on its property by alleged unknown trespassers. As tenuous as this theory is, it is further attenuated by the fact that the Plaintiff admits that it does not know how the fire started. Plaintiff's second right of action is that the Defendant's building was in violation of the building code because it lacked certain fire suppressant systems.

The right of action based on the alleged actions of the trespassers will be considered first. "A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Delk v. Columbia Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000) (citing, *Marshall v. Winston*, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990)). "There can be no actionable negligence unless there is a legal duty, a violation of the duty, and consequent damage." *Fox v. Custis*, 236 Va. 69, 73, 372 S.E.2d 373, 375 (1988). "This is a pure question of law." *Id.*, at 74, 372 S.E.2d at 375.

There is no allegation that Valley Lumber or any of its agents started the fire. Therefore, the fire is either of unknown origin or caused by the acts strangers. A property owner is not liable for the conduct of third parties over whom it has no control. See, *Delk*, at 132, 523 S.E.2d at 830 (citing, *Burdette v. Marks*, 244 Va. 309, 311, 421 S.E.2d 419, 420 (1992)) ("Generally, a person does not have a duty to protect another from the conduct of third persons."). The Restatement (Second) of Torts states:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right of protection.

Restatement (Second) of Torts, § 315.

This is particularly true when the conduct or acts are criminal in nature. See, *Marshall v. Winston*, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990) (Sheriff and jailer not liable to decedent's representative after negligently releasing criminal who subsequently murdered decedent.). Absent some special relationship between the parties, a person has no legal duty to protect another from the criminal acts of third parties. See, *Wright v. Webb*, 234 Va.

527, 530, 362 S.E.2d 919, 920-21 (1987) (no liability on dinner theater when patron was assaulted in parking lot even though business owner was on notice of previous criminal activity by unknown parties.) The court in *Wright* stated the rule that a business owner does not owe a duty of care to protect its invitee "unless it knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." *Id.*, at 533, 362 S.E.2d at 922.

The Virginia Supreme Court recently considered this issue in three cases involving crimes against business invitees. See, *Thompson v. Skate America*, 261 Va. 121 (2001) (patron of skating rink assaulted on premises by known trouble-maker); *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97 (2001) (tenant of apartment complex assaulted in parking lot); and *Dudas v. Glenwood Golf Club*, 261 Va. 133 (2001) (golfer assaulted on golf course). Only in *Thompson* did the Court find a duty on the part of the business to protect its invitee. See, *Thompson*, at 5. In finding such a duty, the Court first found that a special relation existed between Skate America and its patrons, that of a business owner to his business invitee. *Id.*, at 4. The Court then relegated *Thompson* to the narrow exception to *Wright's* general rule noting five facts which combined to impose a duty on the landowner:

1. Skate America knew that a specific individual was violent;

2. Skate America knew this specific individual had committed assaults on other invitees while on Skate America's premises;

3. Skate America knew this specific individual had committed such assaults in the recent past;

4. Skate America had intervened to inhibit this specific individual's behavior in the recent past; and

5. Skate America had taken steps to avoid a recurrence of this specific individual's behavior in the future. *Id.*, at 5.

In these narrow circumstances, the Court found that a legal duty to protect another from the criminal acts of a third party was imposed on the landowner.

The special circumstances found in *Thompson* are not present in this case. Firstly, neither the trespassers nor S & S were business invitees of Valley Lumber; therefore, there is no special relation existing between S & S and Valley Lumber, like that of a business owner and its patrons, that would impose a general duty on Valley Lumber to protect its neighbor from a fire of unknown origin which possibly may have been started by trespassers on Valley Lumber's property. Secondly, despite the allegations of previous fires and trespassers, the Motion for Judgment clearly states that these alleged fires were caused by "*unknown* third parties." MFJ ¶ 12. The *Thompson* Court found a duty only where the business owner was on notice of a *specific*

individual doing *specific* acts and creating an *imminent* threat to its invitee. Here, there is no allegation that Valley Lumber was on notice of any specific individuals or of any specific acts. Further, there is no allegation that Valley Lumber knew of acts that were occurring or were about to occur, which would create an imminent probability of the alleged harm. See, *Wright*. Accordingly, the allegations fail to fit into the narrow exception created by the *Thompson* Court.

The allegation of knowledge does not impose a heightened duty on Valley Lumber. In *Gulf Reston, Inc. v. Rogers*, a tenant in an apartment complex died as a result of the acts of trespassers. 215 Va. 155, 207 S.E.2d 841 (1974). The plaintiff argued that the landlord's knowledge of prior trespassers and the easy access to the roof imposed on the landlord the same duty as that on a common carrier, because it was reasonably foreseeable that trespassers could inflict injuries on tenants. *Id.*, at 158, 207 S.E.2d at 844. In fact, trespassers had thrown objects from the roof of the building in the past. The Court rejected this reasoning and restated the position that there is no duty to protect another from the criminal acts of third parties. Specifically, the court held that the body of law supporting the common carrier exception had no relevance to the landlord-tenant relationship. *Id.*

In this case, Harleysville alleges that Valley Lumber was negligent in failing to secure its gates and buildings and that "unknown third parties" had caused one or more fires on Valley Lumber's property in the past. Like the plaintiff in *Gulf Reston*, Harleysville is trying to impose on Valley Lumber a heightened common carrier duty based on its alleged knowledge of prior trespassers, but prior knowledge alone will not impose such a duty under Virginia law. Nor is there the required special relation between S & S and Valley Lumber to bring it within the exceptions to the general rule. The mere physical proximity as neighboring businesses falls far short of the special relations recognized by the Restatement and the Virginia Supreme Court.

This position is consistent with other jurisdictions that have held property owners not liable to others for damage caused by a fire started by a trespasser. See, *Mills v. Crawford*, 822 S.W.2d 548, 552, n. 1 (Mo. App. 1992) ("Generally, a property owner is not responsible for damages resulting from a fire occasioned by others unless, due to conditions on his property, he should have anticipated that the fire was likely to start.") (citing, *Hesse v. Century Home Components, Inc.*, 267 Ore. 53, 514 P.2d 871 (Ore. 1973)); see also, *B. W. King, Inc. v. Town of West New York*, 49 N.J. 318, 230 A.2d 133, 138 (N.J. Sup. 1967) ("An owner is therefore not ordinarily liable for a fire started by a trespasser."); *Moran v. Poledor*, 84 Ind. App. 266, 151 N.E. 140 (1926) ("fire may have been started by someone while attempting to burglarize the

property, and without any fault or negligence on the part of appellees."); *Kress v. Lane Bros.*, 187 Iowa 518, 171 N.W. 571 (1919) (owners not liable for fire set by others).

In *Edwards v. Hobson*, 189 Va. 948, 950, 54 S.E.2d 857, 857 (1949), the plaintiffs lost their clothing and other personal property in a fire at a tourist home where they were vacationing. The plaintiffs alleged the fire began in the electrical wiring to the ceiling light. See, *id.*, at 951, 54 S.E.2d at 858. The plaintiffs, however, failed to prove that the exposed cables or any other defect in the electric system caused the fire. See, *id.*, at 952, 54 S.E.2d, at 858-59. The court found that the fire could have been due to some imperfection in the electric or gas systems or from any of the other innumerable causes of fire. See, *id.*, at 952-53, 54 S.E.2d at 859. The court therefore refused to impose liability.

Harleysville alleges that there were previous fires of suspicious origin on Valley Lumbers' Property and that Valley had no fire suppression equipment on its premises (MFJ ¶¶ 13-15) and that it "was in violation of applicable fire codes and building codes at the time of the fire." MFJ ¶ 17. Harleysville claims that these allegations set forth a negligence *per se* right of action against Valley Lumber.

In *MacCoy v. Colony House Bldrs., Inc.*, 239 Va. 64, 69, 387 S.E.2d 760 (1990), the Supreme Court stated:

> We agree with the MacCoys that the violation of the Building Code, like the violation of any statute enacted to protect health, safety, and welfare, is negligence *per se*. See, e.g., *VEPCO v. Savoy Const. Co.*, 224 Va. 36, 45, 294 S.E.2d 811, 817 (1982). The MacCoys, however, invite us to hold that whenever an independent contractor violates the Building Code, the "wrongful *per se*" exception applies and the contractor's employer is vicariously liable for the independent contractor's negligence. We decline the invitation.

Similarly, in *Chesapeake & Potomac Tel. Co. v. Properties One, Inc.*, 247 Va. 136, 141, 439 S.E.2d 369 (1994), violation of the notice provisions of the "Miss Utility Act," Virginia Code §§ 56-265.15 and 56-265.17, was negligence. If the building code or fire code was violated and that code section was designed for the early detection of and suppression of fires, then violation of that section may be negligence *per se*. See Annotation, "Liability of Property Owner for Damages from Spread of Accidental Fire Originating on Property," 17 A.L.R. 5th 547, § 32 (1994); and *Keyser Canning Co. v. Klots Throwing Co.*, 94 W. Va. 346, 118 S.E. 521, 31 A.L.R. 283 (1923) (fire

spread from silk mill to cannery, failure to have sprinkler system was negligence).

The general rule stated in the Restatement (Second) Torts § 364 is that:

A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if

(a) the possessor has created the condition, or

(b) the condition is created by a third person with the possessor's consent or acquiesce while the land is in his possession, or

(c) the condition is created by a third person without the possessor's consent or acquiescence but reasonable care is not taken to make the condition safe after the possessor knows or should know of it.

This principle was recognized by the Supreme Court of Virginia long before its pronouncement by the editors of the Restatement. In *Collins v. George*, 102 Va. 509, 46 S.E. 684 (1904), a defendant who operated a saw mill allowed combustible material to accumulate near his steam engine, a fire started, and it spread to the plaintiff's adjoining property. The Supreme Court affirmed the jury verdict in favor of the plaintiff, and in ruling it stated:

[I]t is a matter of common knowledge that locomotive engines, propelled by steam, are exceedingly dangerous, and liable to cause unintentional fires. Such danger and the frequency with which such fires have occurred have doubtless caused the courts to hold that the failure of those operating such machinery to use spark arresters and or other appliances to prevent the emission of sparks makes them *per se* guilty of negligence. There is not the same degree of danger and liability to cause unintentional fires by stationary steam sawmill engines operating in the country. The operators of such engines can minimize the danger of causing such fires by removing combustible material a greater distance from their engines than can railroad companies operating their locomotives over hundreds of miles of road on their narrow right of way. Again, operators of stationary engines can keep on hand appliances and means of putting out fires caused by their engines. . . .

*Id.* at 517. While the steam age is long gone, the principles underlying this decision, that where a fire is foreseeable, then a duty may exist to prevent it is still valid today. See generally Annotation, "Liability of Property Owner for Damages from Spread of Accidental Fire Originating on Property," 17 A.L.R. 5th 547 (1994); and 35 Am. Jur. 2d, *Fires*, § 26.

If the plaintiff proves that there were previous fires on Valley Lumber's property, then like a first dog bite, the owner is thereafter on notice of the potential danger posed by such fires. "The test for liability for fire is the foreseeability of injury by fire." 35 Am. Jur. 2d, *Fires*, § 35. If the building code violations are proven, that would potentially be negligence. Since the precise building codes have not been alleged, it remains to be determined whether the building code provisions are applicable or, if applicable, were designed to prevent the spread of fires.

After sustaining a demurrer, a trial court "retains discretion to deny a motion for leave to amend when it is apparent that such an amendment would accomplish nothing more than provide an opportunity for reargument of the question already decided." *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 403, 337 S.E.2d 744, 748-49 (1985).

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. Defendant's Demurrer is sustained as to the right of action based on the alleged negligence of trespassers in starting the fire.

2. Defendant's Demurrer is overruled as to the right of action based on the alleged violations of the building and fire codes.

3. On or before March 30, 2001, the Plaintiff shall file a bill of particulars setting forth the specific provisions of the building code or fire code that were allegedly violated and the specific acts of the Defendant which violated those provisions.