## CIRCUIT COURT OF THE CITY OF NORFOLK

Evelyn Welch

v.

FF Acquisition, L.L.C.

February 4, 2003

Case No. (Law) L02-550

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant FF Acquisition's Motion to Set Aside the Jury Verdict. The jury trial of this action took place on November 12 and 13, 2002. The jury returned a verdict in favor of Plaintiff Evelyn Welch for $25,000. Both parties submitted briefs on this issue. For the reasons stated below, the Court grants the Defendant's Motion to Set Aside the Jury Verdict and enters judgment for the Defendant.

In this case, the Plaintiff testified as follows. On July 25, 2001, Plaintiff was shopping at the Farm Fresh grocery store located at 1200 North Military Highway in the City of Norfolk. Plaintiff testified that, while she was shopping, she went to the meat department. Tr. of Pl.'s Testimony, Nov. 12, 2002, at 6, [hereinafter "Tr."]. She walked around her cart and stood facing away from her cart and toward the meat cooler. Tr. at 18-19. Plaintiff, without turning around, reached behind her and grabbed her cart. Tr. at 6, 20. The cart came at the Plaintiff very fast. Tr. at 6. She turned halfway around and attempted to stop the cart with both hands. The cart "jabbed her in her leg," and she fell as a result of the contact with the cart. After she had fallen, she noticed a yellow liquid substance on the ground. Her cart was in this yellow liquid substance. *Id.*

*Discussion of Law and Facts*

A. *Standard: Motion to Set Aside the Jury Verdict*

"[T]he trial court's authority to set aside a jury verdict can only be exercised where the verdict is plainly wrong or without credible evidence to support it." *Shalimar Dev., Inc. v. F.D.I.C.*, 257 Va. 565, 569-70, 515 S.E.2d 120, 123 (1999). The Court will give the "recipient of the verdict the benefit of all substantial conflicts in the evidence and all reasonable inferences that may be drawn from the evidence." *Id.* at 570, 515 S.E.2d at 123. "When the jury [has] been so instructed and [its] verdict returned, whether or not the award is inadequate or excessive is a legal question addressed to the sound discretion of the court to exercise its supervisory power over verdicts to prevent the gross miscarriage of justice." *Bishop v. Webster*, 154 Va. 771, 785, 153 S.E. 832, 836 (1930). A trial court may set aside a verdict if no credible evidence supports it. *Ashby v. Faison & Assocs., Inc.*, 247 Va. 166, 167, 440 S.E.2d 603, 603 (1994).

B. *Plaintiff's evidence failed to establish that the alleged dangerous condition on the premises proximately caused her fall as a matter of law.*

The Court addresses only the proximate cause issue because the other issues that the defendant raised were appropriate for determination by the jury. "[I]t is elementary that negligence will not sustain a recovery unless it is a proximate cause of the injury complained of. The burden is on the plaintiff to prove both negligence and causal connection." *Wilkins v. Sibley*, 205 Va. 171, 174, 135 S.E.2d 765, 767 (1964); *see also Edwards v. Hobson*, 189 Va. 948, 952, 54 S.E.2d 857, 859 (1949). "The evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission for the jury has been made out." *Wilkins*, 205 Va. at 174, 135 S.E.2d at 767 (quoting *Hawkins v. Beecham*, 168 Va. 553, 561, 191 S.E. 640, 643 (1937)); *see also Virginian Ry. v. Haley*, 156 Va. 350, 382, 157 S.E. 776, 786-87 (1931). Proof that there is a "possibility" of a causal connection is not sufficient. *Wilkins*, 205 Va. at 174, 135 S.E.2d at 767 (citing *Hawkins*, 168 Va. at 561, 191 S.E. at 643).

"Suspicion cannot give probative force to testimony which in itself is insufficient to establish or justify an inference of a particular fact. The sea of suspicion has no shore and the court that embarks upon it is without rudder or

130

compass." *Edwards*, 189 Va. at 953, 54 S.E.2d at 859 (internal quotation omitted).

> Where the evidence shows that any one of several things may have caused the injury, for some of which defendant is responsible, and for some of which defendant is not responsible, and leaves it uncertain as to what was the real cause, then plaintiff has failed to establish his case.

*Id.* (quoting *Kenny Co. v. Dennis*, 167 Va. 417, 420, 189 S.E. 164, 165 (1937)).

In the case at bar, Plaintiff has failed to establish that the alleged dangerous condition on the premises, the yellow liquid, proximately caused her fall. Plaintiff's testimony was the only testimony regarding the cause of her fall. The only evidence that she offered that the yellow substance on the floor caused her fall was that, after she fell, she saw that her cart was in the substance. Tr. at 6. Plaintiff never testified that she slipped on anything. She was the one who pulled the cart toward herself, and she offered no evidence that she was somehow unable to stop the cart because the yellow substance was present. Therefore, Plaintiff offered no testimony beyond suspicion or conjecture that the substance caused her fall. This is not enough to establish proximate cause. The jury's verdict is plainly wrong, and there is no credible evidence to support it. Therefore, the Court grants Defendant's Motion to Set Aside the Verdict and enters judgment for the Defendant.