# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Ruth S. Frye

v.

Tanju Sonuparlak

May 8, 2006

Case No. CL06-4

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on the Defendant's Motion for Summary Judgment.

Briefly, the facts reveal that the Plaintiff was operating a motor vehicle on a public highway when it struck a cow owned by the Defendant, which had wandered off the Defendant's property. For purposes of this Motion, the Defendant concedes that the fence owned by her surrounding the pasture from which the cow escaped was in disrepair. In the Answer to Interrogatories, the Plaintiff stated that she did not know which opening the cow had wandered through, "nor do I know how long the opening had been there." The Defendant, while conceding negligence for purposes of her Motion, argues that the Plaintiff cannot show a causal connection between the negligence and the Plaintiff's injuries. For the reasons that follow, the Court agrees, and grants the Motion for Summary Judgment.

In Virginia, "the owner of domestic animals must exercise ordinary care to keep them off of public highways." *Rice v. Turner*, 191 Va. 605 (1950). If the Defendant in this case failed to exercise ordinary care to keep her cow off the highway, then she was negligent. For purposes of this Motion, the Plaintiff concedes that she failed to exercise ordinary care to keep the fence in proper repair.

However, "it is elementary that negligence will not sustain a recovery unless it is a proximate cause of the injury complained of. The burden is on the Plaintiff to prove both negligence and causal connection." *Wilkins v. Sibley*, 205 Va. 171, 174 (1964). "Negligence and an accident, however, do not make a case. As between them, there must be causal connection." *Hawkins v. Beecham, Adm'x*, 168 Va. 553, 561 (1937). The evidence establishing the causal connection must be sufficient to move beyond conjecture or speculation and into the realm of legitimate inference before a justiciable question of fact exists. "It is incumbent upon the party complaining to establish by a preponderance of the evidence that the accident occurred as the proximate result of an act for which the party charged can be held accountable." *Hailey v. Johnson*, 201 Va. 775, 777 (1960).

In the instant case, the defense concedes that the fence was not in good repair. That, however, does not end the inquiry. The burden is on the Plaintiff to prove that the cow escaped the pasture as a proximate result of the disrepair, and not as a result of any other cause. The cow, however, may have wandered out through an opening which had been in the fence only a matter of minutes or hours. Likewise, it may have escaped through a gate, or been run out of the pasture by trespassers or vandals.

In short, the Plaintiff does not, and cannot ascertain, how long any openings in the fence may have been there and cannot point to any causal connection, beyond the realm of speculation, between the general disrepair of the fence and the presence of the cow on the highway.

The standard set in *Wilkins* is, to be sure, a high one, and makes it very difficult for any Plaintiff to establish actionable negligence by any defendant whose livestock reaches the highway. However, it is the standard by which the Court is bound, and, in applying *Wilkins* to the instant case, the Court is of the opinion that the Plaintiff has not, and under the evidence available to it at present cannot, establish a causal connection between the Defendant's negligence and the injuries suffered by the Plaintiff.

Accordingly, the Motion for Summary Judgment is granted.