CHRISTMAN *v.* SENYK.

[Cite as Christman v. Senyk (1972), 34 Ohio Misc. 47.]

(No. 875,278—Decided March 10, 1972.)

Common Pleas Court of Cuyahoga County.

*Messrs. Hartshorn, Thomas & Richard* and *Mr. William L. Richard,* for plaintiffs.
*Messrs. Weston, Hurd, Fallon, Sullivan & Paisley* and *Mr. John W. Jeffers,* for defendants.

SAWICKI, J. From the evidence adduced in this trial and the law which applies to this case, the court finds as follows:

Plaintiff, Dennis Christman, at age 12 was a good swimmer and an experienced diver of some years. He was a social guest of Walter and Lavern Senyk, the defendants, who owned an above-ground swimming pool. The pool was 15 feet in diameter, constructed of corrugated metal,

four feet high. The water level was not less than 3½ feet in depth. The bottom was visible.

The plaintiff was taller than the supporting structure of the pool. The court finds that he was cautioned by the defendants to exercise care for his own safety. The court further finds the pool to be free of any hidden defects.

The plaintiff executed several dives without incident or apparent discomfort. On what turned out to be his final dive, the plaintiff complained of pain and discomfort. His injury was medically diagnosed as a compression fracture of the fifth thoracic vertebra.

The Supreme Court of our state has long held that a host owes a duty to an invited social guest not to commit any act of active negligence and to warn him of any hidden or concealed danger. *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308.

There is no evidence of any active negligence on the part of the defendants, nor of any dangerous condition that was unknown to the plaintiff, Dennis Christman.

The facts herein also come within the doctrine of assumption of risk and are somewhat similar to those found in the case of *Englehardt* v. *Phillips* (1939), 136 Ohio St. 73, wherein the plaintiff, though not a social guest but an invitee, was of similar age, a fairly good swimmer and diver and was engaged in the sport of swimming and diving at the time an accident arose.

The court in that case held, as stated in the fifth paragraph of the syllabus, that, "[W]hile a child is required to exercise for his own safety only such care as children of like age, education, experience and ordinary prudence are accustomed to exercise under the same or similar circumstances, yet it may be assumed that a person of whatever age is able to appreciate the obvious risks incident to any sport or activity in which he may be able to engage with intelligence and proficiency, and must act accordingly."

Generally speaking, it may be assumed that a person of whatever age is able to appreciate the various risks incident to any sport or activity in which he may be able to engage with intelligence and proficiency and must act ac-

cordingly. If he is a proficient swimmer and diver, as is the situation in the instant case, he must know of the danger of harm incidental to diving activities.

The court, after construing the evidence most strongly in favor of the plaintiffs, finds that upon the determinative issues of this case reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to the plaintiffs. Therefore, the motion of the defendants for a directed verdict is sustained.

*Motion sustained.*