## CIRCUIT COURT OF CHESTERFIELD COUNTY

Morecock

v.

Cole et al.

January 10, 1989

Case No. (Law) 1430-86

By JUDGE HERBERT C. GILL, JR.

On August 27, 1988, the jury in the aforementioned action returned a verdict for the Plaintiff and awarded damages in the amount of $45,000.00. Defendants' counsel moved to set aside the verdict and subsequently submitted a memorandum in support. On October 28, 1988, plaintiff's counsel filed a responsive brief. Defendants' counsel has also presented a reply memorandum. On December 27, 1988, Plaintiff's counsel filed an additional memorandum.

Plaintiff's negligence action arose out of a diving accident during a pool party at the Defendants' home. Plaintiff, a former lifeguard, dove into the pool allegedly due to prodding by Defendant, Mrs. Cole. Conflicting testimony was heard as to whether the pool line designating the shallow from the deep end was stretched across the pool during the party. Plaintiff testified that he dove towards the center of the pool and fails to recall striking the pool surface.

Defense counsel's arguments may be briefly stated as follows:

1. The jury was improperly instructed as to the law applicable to the case. The court erred by refusing instructions which:

a. Defined the appropriate standard of care as set forth in Section 29-130.2 of the Virginia Code (now Section 29.1-509);

b. Held defendant liable only for conduct constituting willful or gross negligence;

c. Cautioned the jury as to the proof required for establishing causation;

2. Insufficient evidence was presented to support the finding of negligence;

3. The jury's failure to hold the plaintiff contributorily negligent is contrary to the law and facts proven; and

4. Exclusion of Plaintiff's deposition as evidence so prejudiced Defendants' position that the verdict must be set aside.

Defense counsel presents an argument that Plaintiff, an experienced swimmer, had an affirmative duty to investigate the conditions and cites *Christman v. Senyk*, 293 N.E.2d 126 (1972), and *Chauvin v. Atlas Insur. Co.*, 166 So. 2d 581 (La. App. 1964). However, no instruction was offered in this regard. Therefore, the issue as to contributory negligence remains whether sufficient evidence was presented.

Upon consideration of the memoranda submitted, evidence heard at trial and the Court's previous rulings, it is the opinion of the Court that defense counsel's motion to set aside the verdict is granted. Pursuant to Section 8.01-383 of the Virginia Code, a new trial is granted as to all the issues. Counsel for defendants is directed to draft an Order in accordance with this opinion.

In general, misleading the jury as to the applicable law on material issues warrants setting aside the verdict. *See Crown Central Petroleum Corp. v. Brice*, 427 F. Supp. 638 (W.D. Va. 1977), and 13B M.J., *New Trials*, Section 8. However, if the court can determine that under proper instructions a different finding could not be justly rendered, then the verdict should not be set aside. *Virginia Portland Cement Co. v. Luck*, 103 Va. 427 (1905).

The Court provided an accurate statement of the law applicable to the case. Section 29-130.2 (now 29.1-509) of the Virginia Code does not apply. The instructions regarding simple negligence were appropriate given the exceptions noted in *Busch v. Gaglio*, 207 Va. 343 (1966),

and *Bradshaw v. Minter*, 206 Va. 450 (1965), to the general landowner's duty to a social guest. Defense counsel's causation instructions were inappropriate as applied to the facts of the case. A ruling to the contrary would have misled the jury as to the applicable law.

Section 29-130.2(B) (1984 Cumulative Supplement) of the Virginia Code provided:

> A landowner shall owe no duty of care to keep land or premises safe for entry or use by others for hunting, fishing, trapping, camping, participation in water sports, boating, hiking . . . except as provided in (d) hereof.

Paragraph (c) states, in part, that:

> Any landowner who gives permission to another person to . . . swim . . . upon land or premises does not thereby:
> (1) Impliedly or expressly represent that the premises are safe for such purposes; or . . .

Paragraph (d) states, in part, that:

> Nothing contained in this section shall limit the liability of a landowner which may otherwise arise or exist by reason of his gross negligence or willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity . . .

Until 1983 the aforementioned statute limited landowners' liability for injuries suffered, "on lands or premises used primarily for residential or commercial purposes and which are not routinely used by persons other than the landowner or his family for hunting, fishing, trapping, camping, hiking, boating, sightseeing, hang gliding, skydiving, or collecting, gathering, cutting or removing forest products." Va. Code Ann.. Section 29-130.2(d) (1982 Cumulative Supplement).

Defendant erroneously argues that the General Assembly's subsequent deletion of the limited liability provision evidences a legislative intent to apply Section 29-130.2

to residential premises with pools. Although the aforementioned provision specifically lists certain activities, whether or not residential property was used for swimming or participation in water sports was inconsequential. Hence, the deletion of the provision fails to support defense counsel's construction. No persuasive authority has been cited in support of applying the statute under the given circumstances of the case.

Even assuming that the Assembly intended to broaden the scope of Section 29-130.2, the applicable standard is not set forth by the statute as no evidence was presented that Plaintiff was engaged in a "sport." Construing Plaintiff's dive at a social gathering as "participation in water sports" would exceed the obvious meaning of the statute's unambiguous language. Furthermore, paragraph (c) which refers to swimming does not preclude a landowner's common law duty to social guests given the circumstances presented.

The jury was accurately instructed that the defendants owed a duty to use ordinary care in their activities to avoid injury to Plaintiff. The evidence clearly supported the instruction suggested by the holdings in *Bradshaw v. Minter*, 206 Va. 450 (1965), and *Busch v. Gaglio*, 207 Va. 343 (1966).

The general rule is that a landowner is liable to a social guest only for willful or wanton injury. *Reagan v. Perez*, 215 Va. 325, 326 (1974). However, pursuant to the following two exceptions, a host is liable for failure to exercise ordinary care:

> 1. Where injury to a social guest is the result of active conduct of the host. *Bradshaw v. Minter*, 206 Va. 450 (1965). See also Restatement Second of Torts, Section 341.

> 2. Where injury to a social guest is the result of failure to correct or warn the guest of a condition that exists involving unreasonable risk of harm and that the host should expect that the guest will not discover the condition. *Busch v. Gaglio*, 207 Va. 343 (1966). See also Restatement Second of Torts, Section 342.

The issue of Defendant's Negligence was properly presented to the jury, as the evidence demonstrated active conduct within the exception set forth in *Bradshaw v. Minter*. Even assuming the Defendant's active conduct does not fall within the aforementioned exception, evidence regarding Defendants' failure to warn or correct certain conditions support the negligence instruction pursuant to the ruling in *Busch v. Gaglio.*

Citing *Sneed v. Sneed*, 219 Va. 15 (1978), defense counsel erroneously argues that the Court erred in refusing instructions that provided as follows:

> must show why and how the accident happened. If the cause of the accident is left to conjecture, guess or random judgment, the plaintiff cannot recover.

In *Sneed v. Sneed*, the Court affirmed the trial court's decision to set aside plaintiff's verdict as the evidence showed that the accident resulted from one of two possible causes, for which the defendant was responsible for one and not the other. Unlike the circumstances in *Sneed v. Sneed*, the evidence suggests only one reasonable explanation for Plaintiff's injuries. The testimony was that Plaintiff dove into the shallow end of the pool. Evidence of obstacles other than the pool's bottom was not presented. The cause of Plaintiff's injuries was not "left to conjecture, guess or random judgment."

A trial court may set aside the verdict "upon the ground that [the verdict] is contrary to the evidence, or without evidence to support it." Va. Code Ann. Section 8.01-430 (1984). The Virginia Supreme Court noted that:

> [This power] can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different

verdict if he had been on the jury. *Lane v. Scott*, 220 Va. 578, 581 (1979), citing *Commonwealth v. McNeely*, 204 Va. 218 (1963).

The jury's determination of Defendant's negligence must not be set aside on the basis of insufficiency in the evidence. Credible evidence supports the jury's finding and "reasonable men may differ in their conclusions of fact to be drawn from the evidence." Plaintiff's evidence showed that Mrs. Cole had threatened to have Plaintiff thrown in pool, the safety line designating the shallow end was not present, and that Mrs. Cole failed to warn Plaintiff of the potential danger. (Tr. pp. 14-17, 35, 44, 71-72, 75-76, 112, 181, 197-198).

Neither should the jury's determination that the Plaintiff was not contributorily negligent be set aside. Credible evidence supports the jury's finding. Plaintiff's evidence was that he dove toward the center of the pool with arms extended and that in his experience, pool bottoms usually slope (Tr. pp. 74-75). Although Defense counsel raised serious doubts as to the reasonableness of Plaintiff's conduct, the jury resolved the conflicting inferences.

However, exclusion of certain statements contained within Plaintiff's deposition taken July 29, 1988, requires that the verdict be set aside. Given the ruling in *Horne v. Milgrim*, 226 Va. 133 (1983), the Court was in error to prevent counsel from reading into evidence excerpts from the deposition. The excluded statements related to a vital issue. The Court is unable to rule as a matter of law that Defendant's position was not so prejudiced to warrant setting aside the verdict.

Rule 4:7(a)(3) of the Supreme Court of Virginia permits the introduction of statements by a party contained within a deposition. *Horne v. Milgrim*, 226 Va. 133 (1983). Defense counsel's objections were noted in regard to the exclusion of certain statements (Tr. pp. 225). The excluded statements made by Plaintiff may be characterized as follows:

1. While viewing a photograph of the pool, Plaintiff stated that he dove approximately ten feet from the "corner" of the pool and towards the rope. *See* page 63, line 23.

2. That he may have planned to dive under the rope. *See* page 65, line 3.

3. A photo of the pool which included a rope dividing the shallow from the deep end "accurately depicted" the pool on the day of the accident. *See* page 55, line 19.

In general, "To authorize the granting of a new trial, not only must the evidence has been relevant, but it must have been of such a nature that its rejection may have prejudiced the party offering it." 58 Am. Jur. 2d *New Trial* Section 120 (1971). The exclusion of evidence must so prejudice Defendant's position as to undermine the credibility of the verdict. *Sampson v. Sampson,* 221 Va. 896 (1981). *See also C. & O. Ry. Co. v. Nickel,* 157 Va. 382 (1931).

The aforementioned statements are inconclusive. Plaintiff's admissions were made while viewing a photograph taken at a date other than the date of the accident. Plaintiff described his dive in relation to the photograph presented. Plaintiff did not explicitly state that the rope was in place at the time of the accident. Furthermore, conflicting testimony was presented as to whether the safety rope was in place.

Although an argument can be made that defendant's position was not so prejudiced to warrant a new trial, the trial judge cannot substitute his judgment in consideration of excluded material evidence for that of the jury's. The statements are material to the issue of Plaintiff's contributory negligence. The excluded statements could be construed as contradictory to plaintiff's testimony. Counsel did not impeach the plaintiff with the conflicting testimony. Hence, the Court is unable to rule as a matter of law that Defendant's position was not so prejudiced to warrant setting aside the verdict.