# William P. Parham, Jr.

### v.

# Mary Elizabeth Albert

Record No. 911550

June 5, 1992

Present: All the Justices

*Henry w. Austin, Jr. (Paul D. Fraim; Heilig, McKenry, Fraim & Lollard*, on briefs), for appellant

*Michael A. Robusto (Slipow & Robusto*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether the evidence is sufficient to support the jury's finding that the plaintiff's injuries were proximately caused by the defendant's negligence.

Mary Elizabeth Albert sued William P. Parham, Jr., to recover damages for personal injuries she sustained from being bitten by Parham's dog. In the motion for judgment, Albert alleged that the negligent failure to adequately secure the dog upon Parham's premises was the proximate cause of her injuries.

Two jury trials were conducted. In the first trial, the jury returned a verdict in favor of Albert and awarded her damages in the amount of $60,000. The trial court (Judge Robert S. Wahab, Jr., presiding) set aside this verdict because it appeared "to be the product of anger, passion and prejudice against [Parham]." Judge Wahab, therefore, ordered a new trial limited solely to the issue of damages.

Subsequently, a new trial, limited to the issue of damages, was conducted by Judge Kenneth N. Whitehurst, Jr. In that trial, the jury returned a verdict awarding Albert $30,000 in damages. The trial court entered judgment on this verdict, and Parham appeals.

In accordance with well-established principles of appellate review, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to Albert, the party prevailing at trial. Albert was employed by the City of Virginia Beach as an animal control officer. On February 1, 1989, Albert

went to Tewksbury Court in response to a report that two dogs of the rottweiler breed were running at large.

Upon her arrival, Albert located the dogs, exited her truck, and called the dogs. The dogs came running toward her, wagging their tails and behaving in a friendly manner. Albert put a leash on one of the dogs, and, as she was walking the dog to the back of the truck, the dog leaped up and bit her three times.

The dogs were owned by Parham, who resided at 1605 Tewksbury Court. Parham kept the dogs in the backyard of his residence property within a wooden privacy fence six feet and three inches high. Two gates, one on either side of Parham's house, provided access to the backyard. The dogs escaped through one of these gates.

The gate through which the dogs escaped opened into the backyard from the front yard. In order to open the gate, one would have to depress a ''button'' located on the outside of the gate. The button acted as a lever to lift a latch on the inside of the gate. The latch, however, was not in operating condition at the time because a piece of its mechanism was missing.

Prior to February 1, the dogs never had escaped from the backyard, nor had they ever bitten or growled at anyone. However, prior to February 1, Parham had seen neighborhood children playing in his side yard near the gate. He had asked the children to stay away from the gate.

On February 1, while Parham was away at work, several neighborhood children were playing in the vicinity of the gate. They were throwing rocks at Parham's fence and teasing the dogs. Several children then began to kick the gate. Ultimately, after approximately 20 minutes of kicking, one of the children, Scotty Lytle, ran and kicked the gate so hard that it partially opened. Thereupon, the children told Scotty's mother, Valerie Lytle, who lived across the street, what had happened.

Mrs. Lytle ran over to look at the gate. When she arrived, she observed that the bottom of the gate apparently was stuck in the ground ''because it hadn't moved,'' but the top was open, thereby creating a ''V-shaped'' opening. Mrs. Lytle testified that ''[t]he dog was forcing his way into that V of the fence'' and, eventually, escaped.

The evidence regarding the defective gate latch consists of the testimony of Parham, Mrs. Lytle, and Walter Augustus, Jr., an expert witness. Parham testified that the missing part caused the latch

to jam. Consequently, more force had to be applied to open the gate than would be needed if the latch were working properly.

Augustus had supervised the installation of the fence and was qualified as an expert witness. Based upon the factual background supplied by Parham's and Lytle's testimony, Augustus was asked to give his opinion regarding what would have caused the problem of the gate having the ''V-shape'' and sticking at the bottom. Responding, Augustus stated the following:

> Well, it could be either the wood itself expanding and swelling or it could be the ground itself. It's just with the weight on the gate — you're only hinging on one post, and with the weight of it, it's going to pull your post. It's just the settlement and, you know, you just come back and back and back.

Augustus then was asked whether that situation would cause the gate to be more difficult or easier to open, and he answered as follows:

> It's a lot more difficult. The latch itself, you can only — it only operates at a certain height. It only goes up to a certain height. If there is a quarter-inch tilt into the gate, the latch itself will not come up all the way to open it up. You've got to kind of pick the gate up a little bit.

■ Parham contends that ''there is no evidence whatsoever to indicate that any defect in the latch amounted to negligence or proximately contributed to allow the dogs to escape from [his] yard.'' We agree.

■ In *Lawrence* v. *Snyder*, 229 Va. 139, 142, 326 S.E.2d 690, 692 (1985), we stated as follows:

> Negligence cannot be presumed from the mere occurrence of damage. The burden is on the plaintiff to produce evidence of preponderating weight from which the trier of fact can find that the defendants were guilty of negligence which was a proximate cause of the event resulting in damage. The plaintiff must show how and why the incident happened. And if the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover.

*Accord Page* v. *Arnold*, 227 Va. 74, 80-81, 314 S.E.2d 57, 61 (1984); *Town of West Point* v. *Evans*, 224 Va. 625, 627-28, 299 S.E.2d 349, 351 (1983); *McManama* v. *Wilhelm*, 222 Va. 335, 340, 281 S.E.2d 813, 816 (1981); *Sneed* v. *Sneed*, 219 Va. 15, 17, 244 S.E.2d 754, 755 (1978).

■ In the present case, there is evidence that the gate latch was not working properly, but there is no evidence that the defective condition of the latch rendered the gate unsafe or more apt to open. Indeed, the uncontradicted evidence establishes that the gate was more difficult to open due to the defective latch. Further, the evidence shows that the reason the gate opened was the repeated running at and kicking of the gate by children.

■ Simply stated, the evidence, even when viewed in the light most favorable to Albert, fails to show how the defective latch caused the dogs to escape. In the absence of such evidence, the jury necessarily resorted to speculation and conjecture.

■ Ordinarily, negligence and proximate cause are issues to be decided by a jury. Where, as here, however, reasonable minds could not differ about the issues, they are matters of law for resolution by a court.

Accordingly, we will reverse the trial court's judgment and enter final judgment in favor of Parham.

*Reversed and final judgment.*