36 F.3d 1096
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eloise H. WYCHE, Plaintiff-Appellant,
v.
CROWN CENTRAL PETROLEUM CORPORATION, Defendant-Appellee.
 No. 92-2538.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1993.
Decided Oct. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. James E. Bradberry, Magistrate Judge. (CA-92-55-4).
 Stephen A. Dunnigan, Newport News, VA, for appellant.
 F. Bradford Stillman, Lisa A. Bertini, McGuire, Woods, Battle & Boothe, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Eloise H. Wyche appeals the magistrate judge's order* granting judgment as a matter of law to Defendant Crown Central Petroleum Corporation (Crown Central). We affirm.
 
 
 2
 On April 11, 1990, Wyche pulled into a Crown Central gas station in Norfolk, Virginia. Wyche knew that it had been raining that day. Wyche parked at one of the filling pumps, opened her door, and placed her left foot on the concrete. As she placed her right foot on the concrete, she slipped and fell, injuring her back. There were no witnesses to the accident.
 
 
 3
 Wyche filed this action alleging negligence by Crown Central. Specifically, Wyche alleged that Crown Central's alleged negligence in failing to keep its premises free from the accumulation of slippery substances proximately caused her injuries.
 
 
 4
 Although Wyche testified during her deposition that she had slipped on oil, she testified at trial that she did not know exactly what caused her to slip and fall. Wyche conceded that she was unsure whether she slipped on transmission fluid, rainwater, gasoline, or her own two feet.
 
 
 5
 Following Wyche's presentation of evidence, Crown Central moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. Finding that Wyche had failed to prove what caused her to fall, the district court granted the motion.
 
 
 6
 We review the grant of judgment as a matter of law de novo. White v. County of Newberry, South Carolina, 985 F.2d 168 (4th Cir.1993).
 
 
 7
 In ruling on such a motion, the evidence must be viewed in the light most favorable to the nonmoving party. Townley v. Norfolk & W. Ry., 887 F.2d 498, 499 (4th Cir.1989).
 
 
 8
 The plaintiff in a negligence action must show, by a preponderance of the evidence, that the defendant was guilty of negligence which was a proximate cause of the accident; negligence cannot be presumed from the mere happening of an accident. Page v. Arnold, 314 S.E.2d 57, 61 (Va.1984); Sneed v. Sneed, 244 S.E.2d 754, 755 (Va.1978). We agree with the magistrate judge's conclusion that Wyche failed to prove the most fundamental element of her case--what caused her to fall. Safeway Stores, Inc. v. Tolson, 121 S.E.2d 751, 752 (Va.1961).
 
 
 9
 Wyche conceded at trial that she was unsure what caused her to fall, and admitted that it may have been her own feet. Therefore, she failed to show by a preponderance of the evidence that Crown Central was negligent and that such negligence was a proximate cause of her injuries. Farren v. Gilbert, 297 S.E.2d 668, 671 (Va.1982). Thus, any jury verdict in Wyche's favor would have been impermissibly based on speculation and conjecture. Therefore, we affirm the order of the district court granting judgment as a matter of law in favor of Crown Central.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The parties consented to the jurisdiction of the magistrate judge