# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Jagdish Anand

v.

Kroger Food Stores, Inc., et al.

October 9, 1997

Case No. (Law) 96-200

## BY JUDGE JAY T. SWETT

Plaintiff claims damages against defendant Kroger based on injuries sustained when a soda bottle she was handling in defendant's store exploded. Plaintiff asserts that since soda bottles do not routinely explode under such circumstances, Kroger must have, in some way, acted negligently. Plaintiff concedes that Kroger is liable, if at all, only under the doctrine of *res ipsa loquitur*. Apparently, the bottle was not retained after the incident. In discovery, the plaintiff admitted she had no evidence of negligent conduct on the part of any Kroger employee that would explain why the bottle exploded. Kroger denies that *res ipsa* is applicable and moves for summary judgment on the grounds that plaintiff cannot demonstrate any negligence on Kroger's part. Kroger's motion for summary judgment is granted.

*Res ipsa* permits an inference of negligence on the part of a defendant in cases where direct evidence of negligence may be lacking. *Easterling v. Walton*, 208 Va. 214, 217 (1967). This inference has the effect of allowing an injured plaintiff, having no evidence other than that an accident occurred, to survive a defense motion for directed verdict. This inference is allowed if three conditions are satisfied. These conditions are:

(1) Where the means or instrumentality that caused the injury is in the exclusive possession and control of the person charged with the negligence, *and*

(2) This person has, or should have had, exclusive knowledge of the way this instrumentality was used, *and*

(3) The injury would not have occurred if those with the management and control had used proper care.

*Id.*

The decisive issue here is whether the item causing the injury, the soda bottle, could be considered to have been in the exclusive possession and control of Kroger. The case law indicates that this exclusivity cannot be demonstrated. In *Gilmer v. Railway Co.*, 202 Va. 826 (1961), an unlocked (and unlockable) truck rolled out of a car dealer's lot, down a hill, striking and damaging plaintiff's radio tower. The Court held that since anyone, not just defendant's employees, could have accessed and tampered with the truck on the open lot, *res ipsa* was not applicable.

In *Murphy v. Saunders*, 202 Va. 913 (1961), a woman was injured when cans stacked in defendant's grocery store fell on her hand. Here the Court held that *res ipsa* was inapplicable since the cans were not in the exclusive custody of defendant, but accessible to customers who could disarrange them.

In both of these cases, the item that caused the injury was in a location where the general public could access and/or tamper with it. The same is true in this case. The soda bottle that "exploded" was accessible to the general public, as would be expected of any item for sale on a supermarket shelf. It was not within the exclusive control of the defendant, nor could it reasonably have been. Therefore, *res ipsa* does not apply.

Absent circumstances that would permit application of *res ipsa*, plaintiff must actually show some negligent act on the part of a defendant that caused the accident in question. If the cause of the accident or injuries is left to conjecture, guess, or random judgment, the plaintiff cannot recover. *Sneed v. Sneed*, 219 Va. 15 (1978). Here, plaintiff concedes she has no evidence as to the cause of the exploding bottle, merely asserting that it should not have exploded. No showing has been made as to any negligence on Kroger's part, and consequently, Kroger cannot be held liable.

This decision applies only to defendant Kroger. As to all other defendants, this action will proceed.