# CIRCUIT COURT OF THE CITY OF RICHMOND

Ever Lena Williams

v.

Commonwealth of Virginia

October 26, 2000

Case No. LF-2132-4

BY JUDGE RANDALL G. JOHNSON

This personal injury action was tried to a jury on October 13, 2000. At the close of all the evidence, the court took defendant's motion to strike plaintiff's evidence under advisement and submitted the case to the jury. The jury returned a verdict in favor of plaintiff in the amount of $15,600. Defendant again moved to strike plaintiff's evidence. In the alternative, defendant moved to set aside the verdict and enter judgment for defendant. The court took both motions under advisement.

The case arises out of an incident that occurred on September 24, 1998. On that day, plaintiff, who is a fairly large woman, was having dental work performed at the Medical College of Virginia's (MCV) dental clinic.[1] After undergoing a portion of her treatment, plaintiff and the dental student who had performed the first part of the work walked to another area of the clinic where additional work was to take place or be scheduled. Plaintiff was not sedated and her senses were not otherwise impaired by the treatment she had undergone. According to plaintiff, while she and the student were waiting for a nurse or secretary to tell them where the next phase of plaintiff's treatment would occur, the dental student directed plaintiff to have a seat. While doing so, the student gestured toward a room adjacent to where she and plaintiff were standing. Inside the room were two chairs: a "patient's chair" of the type dentists commonly have in their offices in which the patient sits while being

---

[1] Although the actual defendant is the Commonwealth of Virginia, the court will refer to MCV as the defendant in this opinion.

treated, and a "dentist's chair" of the type dentists commonly have in their offices in which the dentist sits when performing the treatment. The dentist's chair consisted of a round seat, a relatively small and low back, and a vertical pole extending from the bottom of the seat to five wheeled legs. It did not have arms. The floor of the room was linoleum. Plaintiff testified that she believed the dental student was directing her to sit in the dentist's chair and that when she attempted to do so, the chair "went out from under" her. She also testified that she followed the student's direction because the student was in a position of authority. Plaintiff suffered a dislocated shoulder and other injuries.

The dental student testified that she did not direct plaintiff to sit in the dentist's chair. Instead, she asked plaintiff if she would like to be seated while they waited for the nurse or secretary. She did not gesture to the room where the patient's chair and dentist's chair were located. She meant for plaintiff to have a seat in the room where they were. In that room was a "secretary's chair" with a larger back than the dentist's chair. It had arms, but was also on wheels. Neither the student nor MCV contests the fact that plaintiff fell and was injured. Since the jury returned a verdict for plaintiff, the court will adopt plaintiff's version of the facts in deciding defendant's motions. *See, e.g., Rice v. Charles*, 260 Va. 157, 161 (2000).

It was plaintiff's theory of the case, and the jury obviously found, that MCV was negligent when the dental student, stipulated by MCV to be its agent, directed plaintiff to sit in a chair that was on wheels and was on a linoleum floor. Indeed, it was stipulated by defendant that the chair is designed to roll freely so that the dentist can move easily and quickly between the patient, whatever instruments are being used, and anything else the dentist needs to reach during treatment. It was also stipulated by both parties that the chair was not defective and that there were no foreign objects or substances on the floor that caused the chair to do whatever it did when plaintiff fell. What is most significant for purposes of MCV's motions is that plaintiff never testified or presented any other evidence as to how her fall occurred other than to say that as soon as her buttocks made contact with the chair, the chair went out from under her. Simply put, the issue the court must decide is whether a plaintiff can recover in a negligence action for injuries suffered in a fall while attempting to sit in a chair without proving that the chair was defective and without presenting any evidence as to how or why the fall occurred. The court holds that plaintiff cannot recover.

Few principles are as well established in the law as the principle that the mere happening of an accident does not create a right to recover for negligence:

Axiomatic are the following principles. Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff to produce evidence of preponderating weight from which the trier of fact can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence must prove more than a probability of negligence. *The plaintiff must show why and how the accident happened.* And if the cause of the accident is left to conjecture, guess, or random judgment, the plaintiff cannot recover.

*Sneed v. Sneed*, 219 Va. 15, 17, 244 S.E.2d 754 (1978) (emphasis added). *See also Gossett v. Jackson*, 249 Va. 549, 552-53, 457 S.E.2d 97 (1999); *Parham v. Albert*, 244 Va. 73, 74, 418 S.E.2d 866 (1992); *Lawrence v. Snyder*, 229 Va. 139, 142, 326 S.E.2d 690 (1985).

In the case at bar, plaintiff failed to prove even "a probability of negligence." At most, she proved that she was directed to sit in a chair by an MCV employee in a position of authority, that the chair was on wheels, that it was on a linoleum floor, that it was designed to roll freely, that it had a relatively small back, that it had no arms, and that plaintiff was a relatively large woman. She did not prove how and why the accident happened. All she said was that the chair went out from under her when her buttocks contacted it. She did not say whether her buttocks made contact with the entire seat of the chair or whether, like the overwhelming majority of people have done at least once in their lives, she simply "missed" the seat; that is, whether she made contact with only a small portion of the seat or not enough of the seat to prevent her fall. Indeed, she did not testify that the chair tipped over or fell under her weight. She testified that it "went out" from under her. She presented no evidence that the chair, if sat upon properly, would not have supported her weight or would otherwise have caused her to fall. She stipulated that it was not defective. Because the court is unwilling to hold that a person, even a person in a position of authority, is guilty of negligence as a matter of law whenever such person directs another person to sit in a non-defective chair and the person so directed falls and is injured while attempting to do so, with no proof by the injured person of how and why the fall occurred, defendant's motion to strike will now be granted and the jury's verdict will be set aside. Judgment will be entered for defendant.