## CIRCUIT COURT OF AMHERST COUNTY

Prudential Residential
Services, L.P.,
d/b/a Prudential Relocation

v.

Tony Conway Cash et al.

July 15, 2005

Case No. CL04006116

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the demurrer of Key Connections, Inc., d/b/a Century 21 All Service ("Century 21"). The demurrer of Century 21 to Counts VI, VII, and VIII is overruled. The demurrer of Century 21 to Count IX is sustained, and Count IX is dismissed. My reasons for these rulings are set forth below.

*Count VI*

Count VI is an indemnity claim under paragraph 5b of the listing agreement between Prudential and Century 21. This paragraph provides in part that "[B]roker will pay any losses, damages, and expenses . . . arising in connection with the services provided by Broker under this agreement. . . ."

Century 21 asserts that the demurrer should be sustained because Prudential seeks indemnification for damages resulting from the independent breach of contract of Tony Cash. Under this agreement Prudential asserts that damages occurred from the independent breach of the purchaser, Tony Cash, and not *in connection with* services by the broker.

The issue of whether damages were the result of the independent act of Tony Cash is a factual issue to be resolved at trial. Paragraph 51 of the Amended Motion for Judgment alleges that Prudential has incurred losses, etc., arising in connection with the services of Century 21 under the agreement. The allegations in paragraphs 7 through 27 of the Amended Motion for Judgment are factual allegations that support the allegations in paragraph 51. Thus, an indemnity action has been sufficiently pleaded.

The phrase "in connection with" has meaning. It is limited by losses arising in connection with the services provided by the broker under the listing agreement. As noted by the Supreme Court of Virginia, the express terms of an indemnity agreement may be limited to specific causes. *Seaboard Airline RR. v. Turnpike Auth.*, 202 Va. 1029, 1034, 121 S.E.2d 499 (1961). Broad or narrow language in the indemnity agreement will determine the extent of liability assumed under the agreement. *Goldman Paper v. Richmond F. & P. RR.*, 212 Va. 293, 296, 183 S.E.2d 728 (1971). Century 21 argues that Prudential's allegation of strict liability under the indemnity claim is improper. As noted above, the indemnity agreement sets forth a causation standard. Within that standard, however, Century 21 will be liable for damages incurred by Prudential. Accordingly, it will be a factual issue at trial whether Prudential has proven that any of its alleged damages were caused by activities in connection with the services of Century 21 under the listing agreement.

*Count VII*

Va. Code § 54.1-2131 imposes upon real estate brokers certain duties. The first sentence sets forth that the licensee (broker) "shall" perform the requirements set forth in the code section. The first numbered paragraph requires that the broker perform in accordance with the contractual relationship between a client and a broker. The remainder of the code section establishes other duties and conduct for a real estate broker. It is clear that the General Assembly intended to impute these performance standards into every listing contract between a broker and his client.

In Va. Code § 54.1-2130 it is provided in part that "[N]othing in this article shall prohibit a licensee and client from agreeing in writing to a

brokerage relationship . . . which imposes licensee obligations in addition to those provided in this article." Thus, Va. Code § 54.1-2130 allows additional obligations to be imposed on a broker but does not grant any authority to reduce the obligations under Va. Code § 54.1-2131. Further, the Virginia Supreme Court has held that Va. Code § 54.1-2131 establishes guidelines for the conduct of realtors. *Polyzos v. Cotrupi*, 264 Va. 116, 122, 563 S.E.2d 775 (2002).

Next, the demurrer on the grounds of the Statute of Frauds is overruled. See Va. Code § 11-2(7). There is a written contract in this case. As held above, Va. Code § 54.1-2131 imputes into every listing contract certain duties by a real estate broker. It is not necessary to set forth these duties and conduct in the contract when they are already required by law. It makes no sense to require that a broker comply to certain requirements by law only if they are incorporated into a contract. What would be the use of the statutory enactment? Further, it would be a violation of public policy established by the General Assembly.

## Count VIII

Prudential's demurrer to Count VIII is on the grounds of causation. Prudential argues that the breach of contract by Tony Cash is an independent and intervening cause of Prudential's damages. This is an allegation that must be proven at trial. Ordinarily, it is an issue of fact at trial whether the negligence of the defendant was a proximate cause of plaintiff's damages. *Hazel & Thomas v. Yavari*, 251 Va. 162, 465 S.E.2d 812 (1996); *Parham v. Albert*, 244 Va. 73, 77, 418 S.E.2d 866 (1992).

The causation issues in this case are factual issues to be resolved at trial.

## Count IX

I sustain the demurrer as to Count IX to the extent that it alleges a breach of common law fiduciary duty. It is clear that, at common law, a real estate broker occupied a fiduciary relationship to his client. *Owen v. Shelton*, 221 Va. 1051, 1054, 277 S.E.2d 189 (1981); *Olson v. Brickles*, 203 Va. 447, 450, 124 S.E.2d 895 (1962).

A review of the cases decided by the Supreme Court of Virginia indicates that this fiduciary relationship is based upon the relationship of agent and principal. *Ferguson v. Gooch*, 94 Va. 1, 8, 26 S.E. 397 (1896). Further,

more modern cases refer to the client as a "principal" in the context of this agency relationship. *Owen, Id.* at 1054; *Olson, Id.* at 450.

In 1993, the General Assembly adopted Va. Code § 54.1-2130 *et seq.*, defining the duties and conduct of real estate brokers and salespersons. Va. Code § 54.1-2144 expressly states that the common law of agency in real estate brokerage relationships is expressly abrogated. Thus, the common law fiduciary relationship between client and real estate broker no longer exists. This has been replaced by the statutory fiduciary relationship defined in Va. Code § 54.1-2131.

Accordingly, any alleged breach of fiduciary duty under Count IX will be considered pursuant to the provisions of Va. Code § 54.1-2131, and not the common law duties of fiduciaries.