### Richmond

## TOWN OF WEST POINT

### V.

## G. L. EVANS, JR., ET AL.

January 21, 1983.

Record No. 800702.

Present: All the Justices.

*Randolph P. Tabb, Jr. (A. James Kauffman; Taylor, Hazen, Kauffman, Lipscomb & Smith,* on briefs), for appellant.
*Joseph R. Caprio* for appellees.

COMPTON, J., delivered the opinion of the Court.

The dispositive question in this appeal of a tort action is whether a municipality was guilty of negligence which caused the damages alleged.

In an amended motion for judgment, G. L. Evans, Jr. and Jeanette A. Evans sued the Town of West Point for damage to their residence occurring in February of 1979. Plaintiffs alleged their loss resulted from the Town's negligence in the operation and maintenance of its sewage system. On the day in question, water and effluent backed up into the sewer line on the Evans property and flowed through the first floor of their home.

A jury found in favor of the plaintiffs, fixing damages at $5500. We awarded the Town an appeal from the trial court's February 1980 judgment order confirming the verdict.

Viewed in the light most favorable to the plaintiffs, the evidence showed that the Town installed a gravity flow sewer system in 1965 in the vicinity of the plaintiffs' property. Plaintiffs bought their land in 1971 and began construction of the home in 1972. Evans, an architect, designed the house and acted as his own general contractor. The two-story residence was built on a concrete slab with no crawl space beneath.

A sewer manhole, connected to Town Pumping Station No. 8, was located in the public street in front of plaintiffs' property. Evans designed his four-inch sewer line to connect to that manhole.

Town officials advised Evans, however, there was insufficient drop to permit a direct connection to the Town manhole; due to absence of a crawl space, the home was not sufficiently elevated above the manhole to permit a proper downhill flow of the waste for plaintiffs' sewer system to operate efficiently. Consequently, at the Town's suggestion, the Evans' line was connected to the sewer line of Eugene Jackowski, plaintiffs' next-door neighbor, which in turn was hooked to the Town's "feeder" line leading to the manhole.

In October of 1972, while the house was under construction, effluent backed into the Evans' line once during a heavy rain and covered the first floor. After this incident, Evans' plumber installed a back-flow valve, described as a "big hunk of brass" placed in the sewer line near the house. It has a "flap" inside which opens to permit water to flow away from the house but closes to prevent a flow back past the valve into the home.

The Evanses experienced no further sewer problems until March of 1978 when there were two "major back flows into the house" during a two-week period. The first flooding was caused by the failure of electric power in the area which resulted in a malfunction of Pumping Station No. 8. The second incident was caused by failure of a relay switch in the pumping station. On both occasions effluent was rising through the cover of the manhole in front of plaintiffs' home.

On the day in question, February 24, 1979, plaintiffs returned to their residence to find water and effluent again had backed through their sewer line and covered the first floor, damaging wall-to-wall carpeting and furniture. The evidence showed that .73 inches of rain was recorded for the area during the day before and 1.62 inches on the day of the incident. No water backed into Jackowski's house on this occasion, or at any other time; he had experienced only gurgling noises from his plumbing.

On appeal, the Town, while not conceding that operation and maintenance of a public sewer system is a proprietary municipal function, nevertheless contends the trial court erred in failing to sustain its motions to strike the plaintiffs' evidence, made both at the conclusion of the plaintiffs' case in chief and at the conclusion of all the evidence, and in failing to set aside the jury's verdict. We agree.

Elementary principles of tort law focused on the plaintiffs' evidence expose the weakness of their case. Negligence cannot be

presumed from the mere occurrence of damage. The burden is on a plaintiff to produce evidence of preponderating weight from which the trier of fact can find that the defendant was guilty of negligence which was a proximate cause of the event resulting in damage. The evidence must prove more than a probability of negligence. A plaintiff must show why and how the incident happened. And if the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover. *Sneed* v. *Sneed,* 219 Va. 15, 17, 244 S.E.2d 754, 755 (1978). *See also Farren* v. *Gilbert,* 224 Va. 407, 297 S.E.2d 668 (1982).

■ Here, the record is devoid of any evidence to support a finding that on the day in question the Town was guilty of primary negligence which was a proximate cause of plaintiffs' damages. The plaintiffs have showed only that water and effluent backed into their home through the sewer line on their property during a period of rainfall, that damage occurred, and that previous backups had taken place a year earlier, neither of which resulted from the Town's negligence. Under this evidence, one must speculate to decide that the Town was negligent. The damage could have been caused by circumstances for which the Town was not liable, such as by failure of the back-flow valve, by malfunction in the line on the plaintiffs' property, or by other conditions over which the Town had no control, such as unexpected and unforeseeable equipment failure in the pumping station.

For these reasons, the order appealed from in favor of plaintiffs will be reversed and final judgment will be entered here for the defendant.

*Reversed and final judgment.*