TOWN OF VINTON

V.

ROGER BRYANT, ET AL.

Record No. 880382

September 22, 1989

Present: All the Justices

*Susan W. Spangler (David B. Hart; Fox, Wooten & Hart, P.C.,* on briefs), for appellant.

*Anthony F. Anderson (Melissa W. Friedman*, on brief), for appellees.

Chief Justice Carrico delivered the opinion of the Court.

In a jury trial, the plaintiffs, Roger Bryant and Linda Bryant, recovered a verdict against the defendant, the Town of Vinton, in the sum of $2,830.74 for property damage caused by the Town's alleged negligence in permitting sewage to back up and enter the Bryants' home. The trial court entered judgment on the verdict, and we granted the Town an appeal.

The Town has assigned a number of errors. In our opinion, however, the dispositive question is whether the Bryants produced sufficient evidence of negligence on the part of the Town to support the jury's verdict.

The evidence shows that the backup which caused the Bryants' damage occurred on January 10, 1985, when a "clog" of grease formed in the Town's sewer line located under the street in front of the Bryants' home. Prior to the backup, this particular line had never caused any difficulty. The Town inspected and cleaned each sewer line once during the year as part of a "one-year complete circle of the town." The line in question was inspected and cleaned during the July or August preceding the January 1985 backup.

The Bryants say they established negligence on the part of the Town by showing that the backup in question occurred during the winter months; that sewer lines become clogged more often during winter when the cold solidifies grease; that the Town knew sewer lines are more likely to become blocked in the winter; and that, despite this knowledge, the Town inspected and cleaned the line in question only during the summer. The Bryants maintain that a jury could reasonably conclude from the evidence that had the Town "cleaned and inspected the sewers in the winter when there is a propensity toward clogs, rather than in the summer, the sewage backup would have been prevented."

We disagree with the Bryants. In *Town of West Point* v. *Evans*, 224 Va. 625, 299 S.E.2d 349 (1983), we said:

Negligence cannot be presumed from the mere occurrence of damage. The burden is on a plaintiff to produce evidence of preponderating weight from which the trier of fact can find

that the defendant was guilty of negligence which was a proximate cause of the event resulting in damage. The evidence must prove more than a probability of negligence.

*Id.* at 627-28, 299 S.E.2d at 351.

In this case, the Bryants failed to carry their burden of producing evidence of preponderating weight from which the jury could find the Town guilty of negligence. The Bryants' burden required them to prove that the Town, knowing blockages are more likely to occur during cold weather, was negligent in failing to inspect and clean its sewer lines during wintertime, rather than summertime. The Town's practice, however, was to inspect and clean its lines on "a one-year complete circle" program, which meant, of necessity, that some lines would be inspected and cleaned in summertime and others in wintertime. So far as the record shows, the scheduling of the line in question for summertime treatment resulted from mere coincidence, rather than carelessness.

It was also the Town's practice to make more frequent inspections of those lines in which blockages had previously occurred. The record shows conclusively, however, that no difficulty had been experienced with the line serving the Bryants' property prior to the time the backup in question occurred.

Nothing in the record suggests that the Town's practices are unreasonable in any way. Indeed, the evidence is uncontradicted that the Town's "once a year routine maintenance" program is "consistent with what . . . other local government [entities are] doing with their sewer systems."

In the final analysis, all the Bryants proved was that a blockage occurred in the Town's sewer line and that they suffered damage as a result. Lacking is proof of the essential element of negligence as the cause of the blockage. Accordingly, the judgment of the trial court will be reversed, the jury verdict set aside, and final judgment entered here in favor of the Town.

*Reversed and final judgment.*