## CIRCUIT COURT OF FAIRFAX COUNTY

Krochmal

v.

Fairfax County
and Alan Brauer

October 15, 1991

Case No. (Law) L102017

By JUDGE THOMAS A. FORTKORT

This case is before the court on the defendant's Plea in Bar to the Amended Motion for Judgment. After hearing oral argument, the Court took the case under advisement. The defendant's Plea in Bar in this matter is sustained and the case is dismissed.

The plaintiff enrolled as a student in a Beginning Self-Defense class operated by the defendant County of Fairfax in the Wolftrap Elementary School and taught by defendant Alan Brauer. On October 10, 1989, the plaintiff was injured during a demonstration conducted by Brauer when she fell backwards onto the tiled cement floor and broke her hip. The plaintiff now seeks to recover from Fairfax County and Alan Brauer for loss sustained as a result of her injuries.

The defendant's Plea in Bar asserts correctly that the plaintiff's suit is barred by sovereign immunity. Counties enjoy sovereign immunity from tort claims in all their activities. *Mann v. County Board of Supervisors*, 199 Va. 169 (1957).

If the plaintiff were instead suing a town or city in Virginia, the question of whether the operation of recreational facilities is a governmental (public) or proprietary (private) function would arise. Sovereign immunity attaches only to a town's or city's governmental functions;

the plaintiff could maintain a suit against a Virginia town or city if the activity were a proprietary one. Governmental functions in which immunity is enjoyed by cities and towns include the operation and maintenance of a police force, *Hoggard v. City of Richmond*, 172 Va. 145 (1939); operation of a fire department, *City of Richmond v. Virginia Bonded Warehouse Corp.*, 148 Va. 60 (1927); operation of garbage removal service, *Taylor v. City of Newport News*, 214 Va. 9 (1973); emergency response of cleaning streets in hurricane damage, *Fenon v. City of Norfolk*, 203 Va. 551 (1962); operation of hospitals and other services to the sick, *Ashbury v. City of Norfolk*, 152 Va. 278 (1929); operation of jails, *Franklin v. Town of Richlands*, 161 Va. 156 (1933); and maintenance of traffic lights, *Freeman v. City of Norfolk*, 221 Va. 57 (1980).

Examples of proprietary functions in which tort immunity is not enjoyed by cities and towns include the provision of public utilities such as water, sewage disposal, and electric power, *Town of West Point v. Evans*, 224 Va. 625 (1983); maintenance of a housing authority, *VEPCO v. Hampton Redevelopment Authority*, 217 Va. 30 (1976); and the operation of recreational facilities, *Frazier v. City of Norfolk*, 234 Va. 388 (1987).

The operation of recreational facilities by a city or town is given special treatment by Virginia Code Section 15.1-291. This statute provides that a city or town operating a recreational facility is liable only for gross or wanton negligence in the operation of the facility.

This code section also provides with respect to Virginia counties that "the immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute." As stated above, common law provides that counties enjoy sovereign immunity from tort claims in all their activities. Counties cannot be sued in tort unless such a suit is explicitly permitted by statute. *Fry v. County of Albemarle*, 86 Va. 195 (1890). Here the Court finds no legislation allowing counties to be sued for tortious personal injuries; Code § 15.1-291 only increases without limiting counties' existing immunity. In addition, a county is not liable in tort regardless of whether it is insured against the loss for such tortious injuries. *See Mann v. County Board of Supervisors, supra*, p. 175.

The plaintiff here cannot maintain her suit against Fairfax County because existing case law provides complete tort immunity for Virginia counties, Code § 15.1-291 does not limit this immunity, and tort actions against counties are not explicitly authorized by statute. The defendant's Plea in Bar in this matter is therefore sustained and the case is dismissed.