45 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Albert Lee BEVERLY, Plaintiff-Appellant,
v.
The CHARLES MACHINE WORKS, INCORPORATED, Defendant-Appellee.
Albert Lee BEVERLY, Plaintiff-Appellee,
v.
The CHARLES MACHINE WORKS, INCORPORATED, Defendant-Appellant.
 Nos. 94-1246, 94-1247.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1994.
Decided Dec. 29, 1994.
 
 Appeals from the United States District Court for the Western District of Virginia, at Harrisonburg. B. Waugh Crigler, Magistrate Judge. (CA-93-2-H).
 ARGUED: Martin J. McGetrick, CHANDLER, FRANKLIN & O'BRYAN, Charlottesville, VA, for appellant. Frank Kenneth Friedman, Michael Francis Urbanski, WOODS, ROGERS & HAZLEGROVE, P.L.C., Roanoke, VA, for appellee. ON BRIEF: Anthony H. Monioudis, Stacy M. Colvin, WOODS, ROGERS & HAZLEGROVE, P.L.C., Roanoke, VA; Humes J. Franklin, Jr., FRANKLIN, FRANKLIN, DENNY, HEATWOLE & WARD, P.C., Waynesboro, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Lee Beverly ("Beverly") appeals the district court's grant of summary judgment against him and in favor of the Charles Machine Works, Inc. ("CMW"). CMW cross appeals, contending that summary judgment should have been granted on other grounds. We affirm the ruling of the district court, but for reasons other than those stated by that court.
 
 
 2
 On August 11, 1986, Beverly was injured while removing a rock from a C-99 Ditch Witch trenching machine. CMW manufactured the trencher and Beverly rented the machine from Central Virginia Rental Company ("Central Virginia") at the direction of his employer, Zeh Plumbing. On July 26, 1988 Beverly brought an action against CMW and Central Virginia in Virginia state court. In September 1992, just before the trial was to begin, Beverly nonsuited the state action. Beverly then filed this action solely against CMW in federal court on January 11, 1993.* The Magistrate Judge granted CMW's motion for summary judgment, finding that Beverly was contributorily negligent and had assumed the risk of his accident. We find it unnecessary to reach the issues of contributory negligence and assumption of risk, because Beverly has failed to provide sufficient evidence on the existence of a defect in the trencher.
 
 
 3
 After Beverly had been using the trencher for approximately fifteen minutes on the day of the accident, a rock became caught between the digging boom and the auger of the machine. Instead of shutting down the trencher before trying to remove the rock, Beverly disengaged its three clutches--the master clutch, the wheel clutch, and the digging chain clutch. However, once Beverly removed the rock, the digging boom started to move even before any of the clutches had been engaged. John Sevart ("Sevart"), the plaintiff's expert, contends that the main drive belt system in the trencher was in such a condition as to permit drag, resulting in a partial transmission of power from the master clutch even while it was disengaged. (J.A. at 11) Sevart has also suggested that the digging chain clutch could have malfunctioned because it was overgreased. (J.A. at 353).
 
 
 4
 In a Virginia products liability suit, the plaintiff must prove the following: the product at issue contained a defect which existed when the product left the defendant's hands; the defect made the product unreasonably dangerous for ordinary and foreseeable use; and the defect actually caused the plaintiff's injury. Alevromagiros v. Hechinger Co., 993 F.2d 417, 420 (4th Cir.1993); Logan v. Montgomery Ward & Co., 216 Va. 425, 219 S.E.2d 685, 687 (1975). Additionally, the plaintiff must show "why and how the accident happened." Lawson v. Doe, 239 Va. 477, 391 S.E.2d 333, 335 (1990); see also, West Point v. Evans, 224 Va. 625, 299 S.E.2d 349, 351 (1983). In Virginia, "the law of products liability ... does not permit recovery where responsibility is conjectural." Boyle v. United Technologies Corp., 792 F.2d 413, 415 (4th Cir.1986). If there is more than one possible cause of an injury, the plaintiff must show with reasonable certainty that the defendant caused the injury. Stokes v. L. Geismar, S.A., 815 F.Supp. 904, 908 (E.D. Va.1993), aff'd, 16 F.3d 411 (4th Cir.1994).
 
 
 5
 When two or more potential causes of the accident exist and the defendant would not be responsible for one of them, the defendant is entitled to judgment as a matter of law. Boyle, 792 F.2d at 416. As noted by the Virginia Supreme Court,
 
 
 6
 When there is substantial evidence introduced which tends to prove that plaintiff's injuries may have resulted from one of two causes, ... the plaintiff must fail if his evidence does not prove that his damages were produced by the negligence of defendant; and he must also fail if it appears from the evidence just as probable that damages were caused by one as by the other because the plaintiff must make out his case by a preponderance of the evidence.
 
 
 7
 Cape Charles Flying Serv., Inc. v. Nottingham, 187 Va. 444, 47 S.E.2d 540, 544 (1948), quoted in Boyle, 792 F.2d at 415-16.
 
 
 8
 In this case, expert testimony suggests that the accident might have resulted either from a defectively designed clutch or from improper maintenance--the overgreasing. CMW is not responsible for improper maintenance in this instance. The machine was owned and maintained by Central Virginia. Under Virginia law, CMW had a right to assume that Central Virginia would perform its legal duties. Hardiman v. Dyson, 194 Va. 116, 72 S.E.2d 361, 364 (1952). Beverly has cited no authority, nor has the Court found any, suggesting that CMW is responsible for Central Virginia's failure to maintain the trencher properly.
 
 
 9
 Thus, there are at least two possible causes of Beverly's accident and CMW would not be responsible for one of them--Central Virginia's improper maintenance. Under Boyle, CMW is entitled to judgment as a matter of law. The case for the defendant is even more powerful here than in Boyle since Beverly's own expert concedes that the accident could reasonably be attributed to more than one cause. In fact, Sevart concluded that overgreasing by Central Virginia was "the most probable cause" for the failure of the digging chain clutch (J.A. at 353).
 
 
 10
 Therefore, Beverly has not met his threshold burden of showing with reasonable certainty that CMW caused his injuries, and we affirm the district court's grant of summary judgment in favor of the defendant. Because of our resolution of the causation issue, we find no reason to rule on the issues of contributory negligence, assumption of risk, warranty disclaimers, damages limitation, or the statute of limitations.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Court's concern for judicial efficiency requires it to note that Virginia's nonsuit statute permitted this case to languish on a state court docket for four years and then be refiled in a federal court. Notwithstanding Virginia's two-year statute of limitations in personal injury cases, the nonsuit statute created a six-year statute of limitations period