**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN H. HOBBS,
Plaintiff-Appellant,

v.

THE KROGER COMPANY, d/b/a Kroger
Grocery Store,
Defendant-Appellee.

No. 98-1831

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-97-17-3-C)

Submitted: February 9, 1999

Decided: March 23, 1999

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David L. Epperly, Jr., EPPERLY, FOLLIS & SCHORK, P.C., Rich-
mond, Virginia, for Appellant. R. Craig Wood, Kerri Borchardt Tay-
lor, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P.,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John H. Hobbs appeals from the dismissal with prejudice of his civil action alleging injuries sustained when he slipped in a Kroger grocery store. For the reasons that follow, we affirm.

The facts are undisputed. Hobbs' suit, alleging he sustained injuries as a business invitee, was removed by Kroger to federal court in February 1997. On April 7, 1998, Hobbs filed a motion to voluntarily dismiss the action without prejudice; three days later Kroger objected to the motion arguing that any dismissal should be with prejudice. On April 20, 1998, the morning that trial was scheduled to commence, the district court denied Hobbs' motion to dismiss the action without prejudice and granted Kroger's motion that the dismissal be with prejudice. Notwithstanding the fact that Hobbs had over a year to conduct discovery, he had failed to obtain any expert testimony or evidence to show that his alleged fall caused his subsequent injuries--a requirement to prevail on his action. See Town of West Point v. Evans, 299 S.E.2d 349, 351 (Va. 1983). In fact, Hobbs' putative expert stated at his deposition on March 12, 1998, that he was unprepared and unable to state whether the surgery he had performed on Hobbs was related to his fall in the Kroger store.*

At the hearing on the motion the district court denied Hobbs' motion to dismiss without prejudice and granted Kroger's motion to dismiss with prejudice. The court reached this decision after making the following specific findings. First, the court found that Kroger had

_____

*Dr. Harold S. Young wished to review the deposition of Dr. Thomas J. Spicuzza another of Hobbs' listed expert witnesses, prior to being deposed. However, Dr. Spicuzza also had not been deposed. Kroger agreed to allow Hobbs to depose Young beyond the cutoff date for discovery.

2

expended considerable effort and expense in defending the suit and preparing for the trial having incurred $12,000 in legal costs. Next, the court did not find that the fourteen month period in which Hobbs failed to acquire the necessary evidence to show causation as a per se excessive delay; the court did find, however, a lack of diligence given that Hobbs had no reasonable basis explaining why he had failed to obtain evidence on a necessary element of his action in the face of an imminent trial.

We review a district court's decision to grant a plaintiff's motion to dismiss the complaint under Federal Rule of Civil Procedure 41(a)(2) for abuse of discretion. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997), cert. denied, 118 S. Ct. 702 (1998); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). A district court, however, may dismiss an action under Rule 41(a)(2) with prejudice. See Choice Hotels Int'l Inc., 11 F.3d 469, 471 (4th Cir. 1993). Factors a district court should consider in ruling on a Rule 41(a)(2) motion are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. See Ohlander, 114 F.3d at 1537.

We do not find that the district court abused its discretion in denying Hobbs' motion to dismiss without prejudice. See Davis, 819 F.2d at 1273. First, the court adequately articulated its reasons for granting the motion to dismiss with prejudice. Second, Hobbs had prior notice that the court would be considering dismissal with prejudice, as argued in Kroger's response to the Rule 41(a)(2) dismissal. Third, Hobbs was heard by the district court on the issue of whether the dismissal should be with or without prejudice. And finally, as noted by the district court, Hobbs could not have prevailed at trial without

3

obtaining expert testimony and thus proceeding to trial was futile. <u>See Andes</u>, 788 F.2d at 1037 (vacating dismissal with prejudice on appeal because district court failed to articulate its basis for the dismissal, thereby denying effective appellate review; holding that the dismissal deprived the plaintiff, without notice, of proceeding to adjudication of issues on the merits). Accordingly, we find that the district court properly exercised its authority under Rule 41(a)(2) to dismiss the action with prejudice, <u>see Choice Hotels Int'l Inc.</u>, 11 F.3d at 471, and thus, we affirm the order of district court.

We grant Kroger's unopposed motion to submit the case on briefs without oral argument as the parties factual and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4