Alvin MARCHANT, Plaintiff,

v.

BODDIE–NOELL ENTERPRISES,
INC., D/B/A Hardees of
Bluefield, Defendant.

No. 1:04CV00021.

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 10, 2004.

Michael J. Hileman, Blacksburg, Virginia, for Plaintiff.

C. Kailani Memmer, Guynn, Memmer & Dillon, P.C., Roanoke, Virginia, for Defendant.

## OPINION

JONES, Chief Judge.

In this slip-and-fall case, governed by Virginia law, the plaintiff was injured when

rather than dismissed to guard against statute of limitations problems).

he fell outside a Hardee's restaurant. Based on the record, I find that the plaintiff has failed to establish causation, a required element for any prima facie case of negligence. Without addressing the restaurant owner's other arguments, I grant summary judgment in favor of the defendant.

I

The essential facts of the case, either undisputed or, where disputed, recited in the light most favorable to the plaintiff on the summary judgment record, are as follows.

The plaintiff, Alvin Marchant, is fifty-two years old. He is a former railroad employee, and he suffered a work-place accident resulting in visual, auditory, and brain-related injuries. Those injuries continue to affect Marchant today. At the time of the fall that is the subject of this case, Marchant had a history of blacking out and falling, suffered from a visual impairment, experienced memory problems, and used a walker.

On June 23, 2002, Marchant visited a Hardee's restaurant in Bluefield, Virginia, owned by the defendant, Boddie–Noell Enterprises, Inc. ("Boddie–Noell"). Marchant was accompanied by his caretaker, Lori Shrader, who drove him to the restaurant and escorted him inside. Marchant and Shrader left the restaurant at dusk. Shrader held the door for Marchant and Marchant then followed her on the sidewalk, using his walker.

Although Marchant was near the edge of the sidewalk, he mistakenly believed he was in the middle of the walkway. Marchant was alternating between looking at the sidewalk in front of him and looking straight ahead toward the car, which was parked at the rear of the restaurant. Marchant explains that he took a step with his left foot and "my right foot hit something .... I tripped and ... was falling over my walker into the driveway and after that, I blacked out." (A. Marchant Dep. at 36–37.) Marchant did not see what caused him to trip. Only two other individuals were present when Marchant fell—Shrader and an unidentified woman.

Approximately a week after falling, Marchant visited the restaurant with his brother, Emory Marchant. An orange safety cone had been placed on the sidewalk. When Emory Marchant lifted the cone, the Marchants discovered that several paving tiles were missing from the sidewalk. In addition, they observed an exposed drainpipe sticking up from the sidewalk.[1]

The plaintiff thereafter filed this action against Boddie–Noell in the Circuit Court of Tazewell County, Virginia, seeking damages for injuries received in his fall. Boddie–Noell removed the case to this court pursuant to its diversity jurisdiction. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2004). Following discovery, Boddie–Noell filed the present Motion for Summary Judgment and the parties have submitted written and oral argument on the issues. The motion is now ripe for decision.

II

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91

1. The record does not contain any measurements of these alleged defects in the sidewalk, although there are photographs, taken by restaurant employees the day of and the day after the accident. The photographs show the sidewalk, with a small area adjoining the curb where several thin paving tiles are missing, and at the center of the missing paving tiles, a circular drainpipe extending slightly above the surface of the sidewalk.

L.Ed.2d 202 (1986); *see* Fed.R.Civ.P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

■ Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327, 106 S.Ct. 2548. It is "the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir.1993) (internal quotation marks omitted).

### III

■ The parties are agreed that Virginia substantive law applies in this diversity action. Under such law, the plaintiff in a negligence action must demonstrate: (1) a legal duty; (2) a breach of that duty; and (3) causation resulting in damage. *Fox v. Custis,* 236 Va. 69, 372 S.E.2d 373, 375 (1988). To prove causation, the plaintiff must show that the defendant's negligence was the proximate cause of the plaintiff's damages. *McCauley v. Purdue Pharma L.P.,* 331 F.Supp.2d 449, 461 (W.D.Va.2004). Proximate cause " 'is that act or omission which, in natural and continuous sequence, unbroken by an efficient

intervening cause, produces the event, and without which that event would not have occurred.' " *Id.* (quoting *Beale v. Jones,* 210 Va. 519, 171 S.E.2d 851, 853 (1970)). The plaintiff must prove proximate cause by a preponderance of the evidence. *Hailey v. Johnson,* 201 Va. 775, 113 S.E.2d 664, 666 (1960).

■ Virginia follows the "but for" rule of proximate causation, which states that "a defendant is not liable unless the harm would not have occurred but for the defendant's act." *McCauley,* 331 F.Supp.2d at 461. While this does not require a plaintiff to exclude every other possible conclusion, *Wooldridge v. Echelon Serv. Co.,* 243 Va. 458, 416 S.E.2d 441, 443 (1992), it does require that a plaintiff "prove *why* and *how* the incident happened.' " *Hodge v. Wal–Mart Stores, Inc.,* 360 F.3d 446, 451 (4th Cir.2004) (quoting *Town of West Point v. Evans,* 224 Va. 625, 299 S.E.2d 349, 351 (1983) (alteration in original)). " '[I]f the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover.' " *Id.* Usually, proximate cause is a question of fact for the jury, but the court may resolve the question as a matter of law "when reasonable persons could not differ as to its existence or absence." *McCauley,* 331 F.Supp.2d at 461.

■ Having thoroughly reviewed all the evidence presently in the summary judgment record and viewing all inferences in the light most favorable to the non-movant, I find that Marchant has failed to create a genuine issue of material fact as to whether the alleged defects in the sidewalk proximately caused his injuries. There is inadequate evidence to establish that, "but for" Boddie–Noell's acts or omissions, Marchant would not have fallen. While it is possible that Marchant tripped over the alleged sidewalk defects, the plaintiff has presented no evidence to show

the alleged defects were the probable cause. It remains a mere possibility, as do the alternate theories that Marchant blacked out, stumbled, tripped over one of the legs of his walker, or caught his foot on the curb. Under Virginia law, " 'if the proof leaves it equally probable that a bad result may have been due to a cause for which the defendant was not responsible as to a cause for which he was responsible the plaintiff cannot recover.' " *Clark v. United States,* 402 F.2d 950, 953 (4th Cir. 1968) (quoting *Reed v. Church,* 175 Va. 284, 8 S.E.2d 285, 288 (1940)).

No one actually saw what caused Marchant to fall. Accepting as true Marchant's report that he fell because his foot "hit something," his statement still does not tend to establish that he fell because of the alleged sidewalk defects. Marchant's own testimony demonstrates that he is uncertain as to the cause of his fall. Marchant admits that he did not see what tripped him. (A. Marchant Dep. at 37–38, 41.) He fainted during his fall and did not regain consciousness until after reaching the hospital. Only after Marchant and his brother visited Hardee's a week later and found the orange safety cone on the sidewalk did Marchant come to the conclusion that he had fallen over the missing tiles or drainpipe. (*See id.* at 11–12, 26–28, 41).

Marchant admits to having several health problems that could have contributed to his fall. He suffers from double vision. Marchant explains that his visual impairment prevented him from seeing the missing tiles and drainpipe. (*Id.* at 25.) It is equally likely that the impairment prevented him from noticing that he was too close to the curb. In addition, Marchant was "having problems blacking out" during the time period in question. (*Id.* at 49). Similar blackouts had caused Marchant to fall in public several times prior to his visit to Hardee's. Marchant asserts that his blackout at Hardee's was different than the other times because, rather than fainting and then falling, Marchant distinctly remembers tripping and then fainting. Even taken in the light most favorable to the plaintiff, however, this testimony simply supports Marchant's contention that he tripped. It still does not connect his fall to the alleged sidewalk defects.

Lori Shrader, Marchant's caretaker, did not see what caused him to trip. Shrader is the only identified eyewitness to the accident and Marchant relies heavily on her testimony as proof of causation. Shrader, who was walking in front of Marchant, claims early in her affidavit that she saw how Marchant fell. (Shrader Aff. at 4–5). However, Shrader later clarifies that she "turned around to look and he was ... going over the side [of the sidewalk] ...." and "[h]e was falling as I turned." (*Id.* at 6–7, 9.) Only after Marchant fell did Shrader "realize[ ] that [the sidewalk defects] might have possibly been what caused the ... fall." (*Id.* at 8.) Shrader summarizes,

> I thought his foot got caught .... [I]f I said that I knew for a fact that his foot got caught, then I would not be telling the truth. I possibly think that's what happened. As far as him passing out ... I really don't know if he was passing out when he fell or if his foot got caught.

(*Id.* at 9.) Shrader's testimony is not sufficient to create a genuine issue of material fact as to whether the alleged sidewalk defects were the proximate cause of Marchant's alleged injuries.

In addition to failing to demonstrate *what* caused him to fall, Marchant has been unable to show *where* he fell. There is no testimony regarding the exact location of Marchant's fall—it is speculation that places him at the alleged defect. Marchant identified the alleged location of

his fall only after returning to the restaurant approximately a week later with his brother, Emory Marchant, and finding an orange safety cone at that spot.

Q [D]id Emory show you where you had fallen?

A Well, we seen that orange cone down there where they put up after I had fallen.

Q So when you saw the orange cone, did you think that's where you had fallen?

A Yeah.

Q Because the orange cone was there?

A Yes, ma'am.

.    .    .    .    .

[Plaintiff's attorney]: You knew where you had fallen before you saw the orange cone, didn't you?

A I tripped there and I didn't ... see the broken tile—I mean the water drain sticking up. But, when I come back that week, they had the orange cone there.

(A. Marchant Dep. at 12.)

Similarly, Shrader is not able to state definitively that Marchant fell in the area of the alleged defect. She claims early in her affidavit to have seen where Marchant fell, answering in the affirmative the question, "So do you know that he was actually in that area ... you're referring to?" (Shrader Aff. at 4–5.) When later clarifying that she did not, in fact, see what tripped Marchant, Shrader fails to confirm or deny her initial assertion that she saw the location of the fall. (*Id.* at 9.)

I cannot make credibility determinations at summary judgment. *Reeves v. Sander-*

*son Plumbing Prods., Inc.,* 530 U.S. 133, 149–50, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Even accepting Shrader's testimony as true, however, knowing that Marchant fell near the alleged defect still does not prove that he tripped over the missing tiles or protruding pipe. It remains equally possible that he tripped off the curb or stumbled.

Considering all inferences in the light most favorable to the plaintiff, there is no evidence that would allow a jury to find without speculation that Marchant tripped over the alleged defect. Marchant has offered no testimony beyond suspicion or conjecture that the depression created by the missing tiles or the protruding drainpipe caused his fall. Marchant merely has demonstrated that there were missing tiles and an exposed drainpipe at the restaurant, and that he fell from the sidewalk. There is insufficient evidence to link the missing tiles or drainpipe to the fall. Marchant fails to establish causation, a required element in a prima facie case of negligence. Accordingly, summary judgment in favor of the defendant must be granted.[2]

## IV

For the foregoing reasons, I will grant summary judgment in favor of Boddie–Noell Enterprises, Inc.

---

2. Boddie–Noell also contends that summary judgment ought to be granted in its favor because it had no duty to repair or warn against what it claims was an open and obvious condition, and because the plaintiff was guilty of contributory negligence as a matter of law. Boddie–Noell also challenges the plaintiff's claim for punitive damages. It is unnecessary for me to decide these issues.